CRAWLEY, Judge.
J.T. a/k/a C.D. (“the mother”) and A.C. (“the father”), who have never been married to each other, are the parents of D.T.C. (“the child”). In 1994, the Provincial Division of the Ontario Court, Ontario, Canada, determined paternity, awarded the parties joint custody of the child, and specified that the child’s primary residence would be with the mother. The court granted the father “reasonable access” to the child upon “reasonable notice” to the mother and ordered the father to pay $300 per month in child support.
In 1997, the Canadian court modified the original custody judgment, granting the father specific visitation times. Sometime thereafter, the mother left Ontario and relocated to Huntsville, Alabama, in order to attend Alabama A & M University. Upon the mother’s move to Alabama, the parties agreed that the child would remain in Ontario with the father for the time being. In 2000, the mother returned to Ontario, retrieved the child, and returned with the child to Alabama. The father alleged that, for the next three years, the mother allowed him visitation with the child only during Christmas, spring break, and summer vacations.
In May 2003, the father filed in the Circuit Court of Madison County, Alabama, a petition to modify the Canadian judgment, alleging a material change in *930 circumstances since the entry of-the 1997 judgment and seeking custody of the child. Because the parents had never been married to each other, the circuit court transferred the case to the juvenile court.[1] It is undisputed that, at the time the father filed his petition, the mother and the child were living in Huntsville, Alabama. The mother answered the petition in October 2003.' The juvenile court set a pretrial conference for September 2, 2003. The mother failed to appear at the pretrial conference, and the juvenile court set the matter for trial on October 27, 2003.
Sometime between the filing of the father’s petition to modify custody and the date set for .trial, the mother and child moved to White. House, Tennessee. On the date set for trial, the mother telephoned the. trial court and informed it that she had been involved in an automobile accident and could not attend the hearing. The trial was reset for December 1, 2003, at 9:00 a.m. The mother alleges that, on that date, she was delayed in traffic en route to Huntsville, that she contacted the office of the father’s attorney and informed someone of the delay, and that she then continued to the courthouse. When she arrived in court at approximately 10:45 a.m. on December 1, 2003, the mother learned that a default judgment had been entered against her. The judgment awarded custody of the child to the father, granted visitation to the mother, imputéd a minimum-wage income to the mother, and ordered the mother to pay child support pursuant to Rule 32, Ala. R. Jud. Admin. The judgment recites as a “Finding of Fact” the following:
“That at the time of the filing of this action, the child was in the jurisdiction of this Honorable Court and, despite the fact that [the mother and the child] have since left the jurisdictional area of this court, the [mother] answered, and therefore this Honorable Court maintains jurisdiction over this matter.”
The mother, proceeding pro se, moved to set aside the default judgment the same day, requesting, among other things, in ¶ 4(a) of her motion, that
“[t]his matter be dismissed based on the fact that original court order from Canada has jurisdiction, defendant [mother] and minor child ... are not residents of Alabama, and no original court order was filed in Alabama.”
The juvenile court denied the motion the following day, noting with respect to ¶ 4(a) of the mother’s motion that the mother “made personal appearance in Circuit Court and filed an answer with this court on 10/23/03 which submitted [the mother] to the personal jurisdiction of the court.”
On December 16, 2003, the mother, through counsel, filed a “Motion to Reconsider,” which the juvenile court denied with the following notation: ''
*931 “Motion denied. The court was advised of ‘traffic delay’ and waited until 10:00 a.m. and took testimony in the case. The [mother] never contacted the court, as she had with the auto accident, nor related to anyone an estimated time of arrival. The [mother’s] conduct is most certainly culpable.”
The mother filed a timely notice of appeal on December 16, 2003, arguing that the juvenile court abused its discretion in failing to set aside the default judgment. Because we hold that the juvenile court did not have subject-matter jurisdiction to adjudicate this custody dispute, we will not address the merits of the mother’s argument.
The juvenile court determined that it had jurisdiction to decide the custody issue because, it noted, the mother had appeared and thereby submitted herself to the “personal jurisdiction” of the court. That determination was irrelevant to the issue of subject-matter jurisdiction. Unlike defects in personal jurisdiction, which can be waived, see Ex parte Carstens, 728 So.2d 128, 132 (Ala.1998), “subject-matter jurisdiction may not be waived; a court’s lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.” C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala.Civ.App.2003).
Section 30-3B-101 et seq., Ala.Code 1975, Alabama’s version of the Uniform Child Custody Jurisdiction and Enforcement Act (“UCCJEA”), establish the criteria for determining which state’s courts have the subject-matter jurisdiction to make a child-custody determination. C.J.L., supra. For purposes of the UC-CJEA, Canada is considered a “state.”[2]
Section 30-3B-203, Ala.Code 1975, provides:
“[Subject to exceptions not relevant here], a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under Section 30-3B-201(a)(l) or (2) and:
“(1) The court of the other state determines it no longer has continuing, exclusive jurisdiction under Section 30-3B-202 or that a court of this state would be a more convenient forum under Section 30-3B-207; or
“(2) A court of this state or a court of the other state determines that the child, the child’s parents, and any person acting as a parent do not presently reside in the other state.”
(Emphasis added.) “Under the UCCJEA, an Alabama court has jurisdiction to modify a child-custody determination when, among other things, the rendering state’s court has determined that continuing exclusive jurisdiction no longer exists in that state.” G.P. v. A.A.K., 841 So.2d 1252, 1256-57 (Ala.Civ.App.2002). Because the father still resides in Canada and because the Provincial Division of the Ontario Court in Canada has not determined either that it no longer has continuing, exclusive jurisdiction or that Alabama would be a more convenient forum for resolving the custody issue presented in this case, the Alabama juvenile court did not have subject-matter jurisdiction to act. See Atchison v. Atchison, 256 Mich.App. 531, 664 *932 N.W.2d 249 (2003). Compare C.J.L. v. M.W.B., 868 So.2d at 453 (stating that “the UCCJEA makes very clear that a court ... no longer has continuing jurisdiction when neither the child nor his or her parents reside in [the] state”).
In Atchison, supra, the Michigan court held that it did not have subject-matter jurisdiction to modify a Canadian divorce judgment awarding custody of the children to the mother, despite the father’s residence in Michigan and the temporary placement of one of the minor children with him. The Michigan court held:
“[T]o modify a child-custody determination from another state, the Michigan court must have jurisdiction to make the initial child-custody determination, and the other state must determine that it no longer has exclusive, continuing jurisdiction or that a Michigan court would be a more convenient forum. Alternatively, a Michigan court may modify a child-custody determination when it is determined that the child, parent of the child, or person acting as a parent to the child no longer resides in the other state. The satisfaction of this criteria before any modification is mandatory as evidenced by the use of the term ‘shall.’
“Review of the record reveals that the criteria for modification of the Canadian child-custody determination was not established. Once an initial child-custody determination occurs, exclusive, continuing jurisdiction generally remains with the decreeing court. A review of the available record indicates that the Ontario court did not determine that it had relinquished its exclusive, continuing jurisdiction or that Michigan was a more convenient forum for the child-custody proceeding. Furthermore, [the mother] continued to reside in Ontario, Canada, and thus, the Ontario court maintained an interest in retaining its exclusive, continuing jurisdiction. The rules regarding home-state priority and retention of continuing, exclusive jurisdiction for the state that entered the decree are designed to rectify conflicting proceedings and orders in child-custody disputes.”
Atchison, 256 Mich.App. at 537-38, 664 N.W.2d at 252-53 (footnotes and citations omitted).
“A judgment issued by a trial court without jurisdiction is a nullity.” Ex parte Punturo, [Ms. 1000115, February 8, 2002] — So.2d -, - (Ala.2002). If the trial court did not have subject-matter jurisdiction to entertain the custody-modification petition, then we do not have subject-matter jurisdiction to entertain the appeal. See Jones v. Sears Roebuck & Co., 342 So.2d 16, 17 (Ala.1977); Ollis v. Ollis, 636 So.2d 458 (Ala.Civ.App.1994).
The appeal is dismissed. Our disposition of this appeal makes it unnecessary to address the motion to withdraw by the mother’s attorney.
APPEAL DISMISSED.
THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
YATES, P.J., concurs in the result, without writing.

. "[T]he juvenile court and the circuit court may have concurrent jurisdiction over custody matters under certain circumstances.” Ex parte Lipscomb, 660 So.2d 986, 989 (Ala.1994). Because the parties in this case were never married, the circuit court transferred the case to the juvenile court. See § 12-15-30(b)(1), Ala.Code 1975 (giving the juvenile court exclusive original jurisdiction to determine custody of a child who is otherwise before the court but providing that such authority "shall not be construed to deprive other courts of the right' to determine the custody ... of children when such custody ... is incidental-to the determination of cases pending in those courts”).
"That proviso [in § 12-15-30(b)(l)] has been construed so as to permit a circuit court hearing a divorce action to exercise concurrent jurisdiction to determine custody of the parties’ children where parallel dependency litigation had been instituted by one of the parties. See P.R.G. v. W.P.R., 590 So.2d 913 (Ala.Ciy.App.1991); Hoeckv. Hoeck, 545 So.2d 786 (Ala.Civ.App.1989).”
N.W.S.S. v. S.D.S., 747 So.2d 339, 341 (Ala.Civ.App.1999)(Robertson, P.J., concurring specially).

. Although the word "state” is defined in the UCCJEA as "[a] state of the United States, the District of Columbia, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States,” see § 30-3B-102(15), Ala.Code 1975, § 30-3B-105, Ala.Code 1975, provides, in pertinent part:
"(a) A court of this state shall treat a foreign country as if it were a state of the United States for the purpose of applying this article and Article 2.”