MOORE, Judge.
N.T. (“the mother”) appeals from a judgment of the Jefferson Juvenile Court (“the juvenile court”) modifying the visitation schedule of P.G. and J.M. (“the former custodians”) with the mother’s minor children. We affirm.

Procedural History

In prior proceedings, the juvenile court declared the mother’s three minor children dependent and placed each of them in the custody of one of the former custodians. Upon proof of the rehabilitation of the mother, the juvenile court eventually returned custody of the children to the mother. In the juvenile court’s August 5, 2009, judgment returning custody of the children to the mother, the juvenile court also granted each of the former custodians “standard visitation.” The mother did not appeal from that judgment or otherwise seek to have the visitation provisions of that judgment vacated.
On November 19, 2009, the mother filed a “Motion To Amend and Close Case” in which she requested that the juvenile court amend the visitation provisions of the August 5, 2009, judgment to permit the former custodians to visit with the children solely at the discretion of the mother. Apparently, because the motion was filed well beyond the period for filing a post-judgment motion, see Rule 1(B), Ala. R. Juv. P. (“All postjudgment motions ... must be filed within 14 days after entry of order or judgment....”), the juvenile court treated the mother’s motion as a petition to modify the visitation provisions of the August 5, 2009, judgment based on changed circumstances.[1] The juvenile court conducted a trial on the petition at which two employees of the Jefferson-Blount-St. Clair Mental Health Authority testified that, mainly to avoid confusing the children and disrupting their relationship with the mother, the children’s visitation with the former custodians should be at the discretion of the mother. Following the trial, the juvenile court entered a judgment on December 9, 2009, modifying the former custodians’ visitation to one weekend a month. The mother filed a post-judgment motion, which the juvenile court denied, prompting this appeal.
On appeal, the mother argues solely that the juvenile court erred in granting any *920 visitation to the former custodians because, she says, such an order violates her custodial rights, see Shoemaker v. Shoemaker, 563 So.2d 1032, 1033 (Ala.Civ.App.1990) (holding that parent has custodial right to prevent visitation with nonparent), and her constitutional rights, see Troxel v. Granville, 530 U.S. 57, 78-79, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) (holding that custodial parent has constitutional right to determine with whom children associate). We note, however, that the juvenile court originally granted visitation to the former custodians in its August 5, 2009, judgment. The mother did not appeal from that judgment. Instead, more than three months later, on November 19, 2009, the mother filed what effectively amounted to a petition to modify the former custodians’ visitation rights.
On a petition to modify visitation, a court does not reexamine the evidence to determine if its original judgment was correct; rather, it decides whether modification is warranted based on changed circumstances. In G.P. v. A.A.K., 841 So.2d 1252 (Ala.Civ.App.2002), the grandparents gained visitation rights pursuant to a Kentucky judgment. The mother then moved an Alabama court to modify that judgment, arguing that the original Kentucky judgment violated her constitutional rights under Troxel, supra. The Alabama court held that “Alabama’s grandparent-visitation statute, Ala.Code 1975, § 30-3-4.1, was unconstitutional” and “declined to enforce or to modify the grandparents’ visitation” rights, and the grandparents appealed. 841 So.2d at 1254 (emphasis omitted). This court noted that the Kentucky judgment was conclusive as to any right of the grandparents to visit and that, if the mother had any constitutional objections to that judgment, she should have pursued them in relation to that judgment. This court held that the mother could not use a petition to modify the grandparents’ visitation rights filed in an Alabama court as a means of belatedly raising those objections. This court stated:
“[T]he fact that the Houston Circuit Court had jurisdiction to modify the grandparents’ visitation rights as the mother requested does not mean that it had jurisdiction to redetermine, ab ini-tio, whether the grandparents should have been granted visitation rights — the previous visitation judgment ‘remain[ed] a custody determination of the state that issued it.’ ”
841 So.2d at 1257 (quoting Ala.Code 1975, § 30-3B-303 (Official Comment)).
Although this case does not involve issues regarding interstate jurisdictional conflict, the reasoning in G.P. applies equally to this case. The mother should have raised any constitutional or other objections she had to the judgment awarding visitation rights to nonparents at the time that judgment was entered on August 5, 2009. See E.H.G. v. E.R.G., [Ms. 2071061, March 12, 2010] - So.3d -, - (Ala.Civ.App.2010) (recognizing right of fit parent to prevent visitation by grandparents, which right can only be overridden by court based on evidence that the prevention of the visitation would harm the child). However, the mother did not file a timely postjudgment motion or an appeal raising those objections. Instead, she waited until November 19, 2009, to file a “motion to amend” the August 5, 2009, judgment. At that point, any error committed by the juvenile court in granting the former custodians visitation rights in the August 5, 2009, judgment had become the law of the case, subject to modification only upon a showing of changed circumstances. See McQuinn v. McQuinn, 866 So.2d 570, 575 (Ala.Civ.App.2003) (noting that, since mother did not appeal from judgment awarding the child’s former stepfather vis *921 itation rights, the former stepfather’s “right ... to visitation with the stepson became the law of the case” “except as it may be subject to modification upon a change in circumstances”).
On appeal from one judgment, an appellate court cannot consider arguments relating to errors committed in a previously entered final judgment from which no appeal was taken. See Moody v. Myers, 268 Ala. 177, 105 So.2d 54 (1958). Thus, this court is foreclosed from addressing the arguments raised by the mother relating to the correctness of the August 5, 2009, judgment. Our review is confined to arguments directed only to the judgment entered on December 9, 2009. Because the mother makes no argument that the juvenile court erred in any respect in regard to the December 9, 2009, judgment, we conclude that she has waived all issues relating to that judgment. See Robino v. Kilgore, 838 So.2d 366, 370 (Ala.2002). Therefore, the juvenile court’s judgment is due to be affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. We note that the juvenile court would have jurisdiction over a petition to modify the visitation provisions of its judgment pursuant to Ala.Code 1975, § 12-15-117(a).