**REL:07/03/2014**

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

### SPECIAL TERM, 2014

_____

### 1110057

_____

Jewel Campbell et al.

v.

Ethel C. Taylor et al.

_____

### 1110104

_____

Gladys A. Campbell and Paula Buettner

v.

Jewel Campbell et al.

Appeals from Baldwin Circuit Court
(CV-09-900617)

1110057; 1110104

PER CURIAM.

In case no. 1110057, Jewel Campbell, Acie A. Campbell, William J. Campbell, Jr., Roy J. Campbell, Eva Campbell, William C. Campbell, Kelly Calvert, and Amanda Givens ("the plaintiffs") appeal from a summary judgment in favor of Ethel C. Taylor, Paula Buettner, Gladys A. Campbell, Jason Bennett, and Mendi[1] Bennett ("the defendants") in this dispute stemming from a judgment entered in 2006 in the administration of an estate. In case no. 1110104, Paula Buettner and Gladys A. Campbell, two of the above defendants, cross-appeal from the denial of their motion to strike certain affidavits filed by the plaintiffs in opposition to the defendants' summary-judgment motion. For the reasons discussed below, we affirm the judgment in case no. 1110057; our holding in case no. 1110057 renders moot the cross-appeal, case no. 1110104.

## Facts and Procedural History

These appeals involve a challenge to the disposition of the estate of A.V. Campbell, Sr. (hereinafter sometimes referred to as "the testator"), who died in 1977. He had at least four children: A.V. Campbell, Jr., William J. Campbell,

---

[1]The spelling of Mendi's name appears in the record both as "Mindi" and as "Mendi."

Sr.,[2] Ethel C. Taylor, and Archie Paul Campbell. His will was admitted to probate in 1977; those proceedings languished in the probate court until 2005. During this time, A.V. Campbell, Jr., and Archie Paul Campbell died. Ethel was ultimately named the executrix of the estate.

In 2005, Gladys A. Campbell, one of Archie Paul Campbell's descendants, filed a petition under Ala. Code 1975, § 12-11-41,[3] to remove the probate proceedings to the Baldwin Circuit Court ("the 2005 circuit court action"). She alleged,

---

[2]William J. Campbell, Sr., had predeceased his father, dying in 1972.

[3]That Code section states:

"The administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof, by any heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, without assigning any special equity; and an order of removal must be made by the court, upon the filing of a sworn petition by any such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court."

among other things, that Ethel, as the executrix, had failed to have the estate's property devised under the terms of the will. The case-action summary in the record for the 2005 circuit court action[4] indicates that the following persons were ultimately named parties to the 2005 circuit court action: Ethel, who is the testator's daughter and executrix; Paula Buettner, Gladys, and Barbara Campbell, relatives of Archie Paul Campbell; and Jewel Campbell, William J. Campbell, Jr., Amanda Givens, and Kelly Calvert, descendants of William J. Campbell, Sr.

After several hearings, the circuit court, on November 28, 2006, issued a judgment that, among other things, distributed property according to the testator's will ("the 2006 judgment"). Specifically, certain property was awarded separately to (1) Ethel, (2) to Paula and Gladys, and (3) to "the heirs at law of William J. Campbell[, Sr.]." Jewel appealed from that judgment, and this Court affirmed the circuit court's judgment without issuing an opinion. Campbell

_____

   [4]We take judicial notice of the record in that action, which came before this Court in a prior appeal discussed below. See Morrow v. Gibson, 827 So. 2d 756, 762 (Ala. 2002).

4

1110057; 1110104

v. Estate of Campbell (No. 1060567, Sept. 28, 2007), 22 So. 3d 531 (Ala. 2007) (table).

On June 2, 2009, the underlying action was filed in the Baldwin Circuit Court ("the trial court"). The plaintiffs purport to be the heirs of William J. Campbell, Sr. Some of the plaintiffs participated in the 2005 circuit court action; others did not. This new action was described as a "complaint to set aside judicial decree" and was alleged to be filed "pursuant to Rule 60(b) of the Alabama Rules of Civil Procedure as an independent action for the purpose of setting aside" the 2006 judgment. The plaintiffs contended that, as the heirs of William J. Campbell, Sr., they were also heirs of A.V. Campbell, Sr., and were thus entitled to certain ownership interests in the property distributed in the 2005 circuit court action. The plaintiffs further alleged that they had not all been "named as parties" in the 2005 circuit court action and that they "were not before the [circuit court] at the time of the final adjudication." They thus alleged that they were "not subject to" and "not bound by" the 2006 judgment, and they asked that it be set aside. Of the defendants in the underlying action, Ethel, Paula, and Gladys

5

participated in the 2005 circuit court action; Jason Bennett and Mendi Bennett did not.

After various motions and after granting a motion by the defendants to strike certain affidavit testimony filed by the plaintiffs, the trial court purported to enter a summary judgment in favor of Ethel. The plaintiffs appealed, and the Court of Civil Appeals dismissed the appeal as being from a nonfinal judgment, Campbell v. Taylor, 76 So. 3d 258 (Ala. Civ. App. 2011). The proceedings resumed in the trial court.

Ethel again moved for a summary judgment. The remaining defendants also filed a motion for a summary judgment. The plaintiffs responded with their own filings in opposition, and the defendants moved to strike certain affidavit testimony supplied by the plaintiffs with their opposition. The trial court, without stating the findings on which its decision was based, ultimately granted the defendants' summary-judgment motions and denied their motions to strike. In case no. 1110057, the plaintiffs appeal the summary judgment in favor of the defendants. In case no. 1110104, Paula and Gladys cross-appeal from the trial court's denial of their motion to strike.

Discussion

The complaint in the underlying action sought, pursuant to Rule 60(b), Ala. R. Civ. P., to set aside the 2006 judgment as "void," in substance, seeking relief from the 2006 judgment under Rule 60(b)(4), Ala. R. Civ. P. ("[T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... the judgment is void ...."). On appeal, as in the trial court, the plaintiffs contend that all the plaintiffs were "necessary parties" to the administration of the estate but that some of them did not receive notice of the 2005 circuit court action, were not served with pleadings filed in that action, and were not properly named as parties. Thus, the plaintiffs argue, the 2006 judgment is "void."

> "'The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Satterfield

7

> v. Winston Industries, Inc., 553 So. 2d 61
> (Ala. 1989).'
>
> "Insurance Mgmt. & Admin., Inc. v. Palomar Ins.
> Corp., 590 So. 2d 209, 212 (Ala. 1991). In other
> words, if the underlying judgment is void because
> the trial court lacked subject-matter or personal
> jurisdiction or because the entry of the judgment
> violated the defendant's due-process rights, then
> the trial court has no discretion and must grant
> relief under Rule 60(b)(4)."

Allsopp v. Bolding, 86 So. 3d 952, 957 (Ala. 2011). See also Bowen v. Bowen, 28 So. 3d 9, 14 (Ala. Civ. App. 2009) (holding that a Rule 60(b)(4) motion will be granted only when the prior judgment is void and not merely voidable).

It is under this standard that we review the trial court's ruling; however, the plaintiffs on appeal do not explicitly present their arguments in terms of the framework of the above three grounds--a lack of subject-matter jurisdiction, a lack of personal jurisdiction over the parties, or a violation of due process. Instead, they cite caselaw holding generally that all heirs are proper and necessary parties in estate actions like the 2005 circuit court action. See Jacobs v. Murphy, 245 Ala. 260, 263, 16 So. 2d 859, 862 (1944) (noting in the administration of an estate removed from the probate court to the circuit court that "[i]n all suits in equity respecting the lands of decedent his heirs

8

at law are necessary parties"); Irwin v. Irwin, 227 Ala. 140, 141, 148 So. 846, 847 (1933) (stating in the context of administration of an estate removed from the probate court to the circuit court that the heirs at law are "proper parties" and "necessary to a full and complete relief"); and Irwin v. J.S. Reeves & Co., 222 Ala. 647, 647-48, 133 So. 692, 692 (1931) (rejecting the argument that "the heirs of decedent [and] distributees of the estate" are not "proper parties" in an administration of an estate removed "into the equity court"); see also Cook v. Castleberry, 233 Ala. 650, 653, 173 So. 1, 3 (1937) (stating that the administrator of the estate of a deceased distributee is a "necessary party" to the administration of an estate in equity). The lack of necessary parties, the plaintiffs argue, rendered the 2006 judgment "void."

This Court has long referred to a failure to join a "necessary" or "indispensable" party as a "jurisdictional defect." See Gilbert v. Nicholson, 845 So. 2d 785, 790 (Ala. 2002) ("The absence of an indispensable party is a jurisdictional defect that renders the proceeding void." (citing Davis v. Burnette, 341 So. 2d 118 (Ala. 1976))); Rogers v. Smith, 287 Ala. 118, 123, 248 So. 2d 713, 717 (1971)

("[T]he absence of necessary or indispensable parties ... is a jurisdictional defect ...."). See also J.C. Jacobs Banking Co. v. Campbell, 406 So. 2d 834 (Ala. 1981); Johnston v. White-Spunner, 342 So. 2d 754, 759 (Ala. 1977); and Burnett v. Munoz, 853 So. 2d 963 (Ala. Civ. App. 2002). But see Holland v. City of Alabaster, 566 So. 2d 224 (Ala. 1990) (addressing the issue of the absence of an indispensable party as one of error on the part of the trial court). This is so, even after the adoption in 1973 of Rule 19, Ala. R. Civ. P., which addresses the "Joinder of Persons Needed for Just Adjudication." Indeed, Rule 19 wholly fails to speak in terms of jurisdiction, and nothing in that rule indicates that if the court fails to address the necessity or indispensability of a particular party or does address, and errs with regard to the resolution of, Rule 19 concerns, any ensuing judgment is void. See Adams v. Boyles, 610 So. 2d 1156, 1157 n.1 (Ala. 1992) (reiterating "that failure to join even an indispensable party does not automatically compel dismissal").

Other decisions appear to refer to the joinder of necessary or indispensable parties as a statutory requirement for certain actions or as a requirement of "due process." See Holland v. Flinn, 239 Ala. 390, 392, 195 So. 265, 267 (1940)

10

(stating that due process required the presence of certain parties so that those parties "have their day in court" and further noting that, although "[t]he Declaratory Judgment Act ... required necessary parties to be brought in," "the presence of necessary parties is jurisdictional"), and A.S. v. M.W., 100 So. 3d 1112, 1114 (Ala. Civ. App. 2012) (holding that a judgment adjudicating paternity was "void for failure to join ... an indispensable party" required by Ala. Code 1975, § 26-17-603).

Other references to the lack of necessary or indispensable parties impacting "jurisdiction" refer to issues of personal jurisdiction. See Burnett v. Munoz, 853 So. 2d at 965 (holding that the failure to join a necessary party rendered the trial court without "jurisdiction" to affect the rights of that party); Holland v. City of Alabaster, 566 So. 2d at 228 (noting that the trial court "must have jurisdiction over the [omitted party] before proceeding to adjudicate any issues affecting that entity's interests"); Johnston v. White-Spunner, 342 So. 2d at 759 ("Rendering final judgment without jurisdiction over those indispensable parties renders that judgment void."); and Rogers v. Smith, 287 Ala. at 123, 248 So. 2d at 717 ("A judgment or decree is not binding on

11

1110057; 1110104

anyone unless the court rendering the same had jurisdiction of the parties and the subject matter of the cause.").

Despite the language in prior decisions referring to the lack of a necessary or indispensable party as an issue of "jurisdiction," it is clear that the court in the 2005 circuit court action possessed subject-matter jurisdiction in that case. Specifically, a circuit court's subject-matter jurisdiction is derived from the Alabama Constitution and the Alabama Code. Ex parte Seymour, 946 So. 2d 536, 538 (Ala. 2006). Here, § 12-11-41 clearly authorizes the circuit court to administer the estate in that case, which was properly removed to the circuit court from the probate court. The inclusion of a necessary or indispensable party is not what provides the court with jurisdiction, although, in some instances, the lack of a necessary or indispensable party may deprive the action, for purposes of justiciability, of the requisite adversity. See Stamps v. Jefferson Cnty. Bd. of Educ., 642 So. 2d 941 (Ala. 1994).

The cases cited by the plaintiffs--Jacobs and Irwin, supra--do not hold otherwise. Specifically, those cases refer to the necessity of certain parties in an administration of an estate removed from the probate court as a requirement to

12

exercise "jurisdiction" in equity. Jacobs states that the "heirs at law are necessary parties" in actions involving a decedent's lands, but this is for the purpose of properly exercising equitable powers:

> "'All persons interested in a suit in equity, and whose rights will be directly affected by the decree, must be made parties, unless they are too numerous, or some of them are beyond the reach of process, or not in being; and in every case there must be such parties before the court as to insure a fair trial of the issue in behalf of all.'"

Jacobs, 245 Ala. at 263, 16 So. 2d at 862 (quoting Culley v. Elford, 187 Ala. 165, 172, 65 So. 381, 383 (1914)). Irwin too notes the connection between the presence of necessary parties and the proper exercise of equitable powers, stating that the presence of "proper parties" is "necessary to a full and complete relief, according to the jurisdiction and rules in equity .... That is, having the right and assuming jurisdiction of the parties and properties, equity will grant full relief." 227 Ala. at 141, 148 So. at 847. As Justice Murdock noted in his special writing in Ex parte Green, 58 So. 3d 135, 154-57 (Ala. 2010), a court's authority to exercise equitable powers, sometimes referred to as "equity jurisdiction," is distinct from subject-matter jurisdiction. Thus the Court in Jacobs noted, in the quotation above, that

13

while "[a]ll persons interested in a suit in equity ... must be made parties," some parties may be excepted when they "are too numerous, ... beyond the reach of process, or not in being." 245 Ala. at 263, 16 So. 2d at 862. There need only "be such parties before the court as to insure a fair trial of the issue in behalf of all." 245 Ala. at 263, 16 So. 2d at 862. All such parties are not required for the court to properly exercise equitable power; the presence of all parties is not a prerequisite to subject-matter jurisdiction.

Given that § 12-11-41 provided the court in the 2005 circuit court action with subject-matter jurisdiction, the 2006 judgment is not void for lack of subject-matter jurisdiction.

We thus turn to the issue whether the 2006 judgment is "void" for lack of personal jurisdiction.[5] When a party is not served or joined in an action and the trial court thus acquires no jurisdiction over it, the judgment is deemed "void" "for purpose[s] of Rule 60(b)(4)." Ex parte Wilson Lumber Co., 410 So. 2d 407, 409 (Ala. 1982). See also Ex

---

[5]There is no explicit argument before us that the 2006 judgment was "void" on the ground of lack of due process; therefore, we do not address that Rule 60(b)(4) ground.

parte Pate, 673 So. 2d 427, 429 (Ala. 1995) ("If a court lacks jurisdiction of a particular person, or if it denied that person due process, then the court's judgment is void."), and Horizons 2000, Inc. v. Smith, 620 So. 2d 606, 607 (Ala. 1993) ("A judgment rendered against a defendant in the absence of personal jurisdiction over that defendant is void.").

First, we note that under certain circumstances the lack of personal jurisdiction is subject to waiver, i.e., "defects in personal jurisdiction ... can be waived," which distinguishes personal jurisdiction from subject-matter jurisdiction, which "'may not be waived; a court's lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.'" J.T. v. A.C., 892 So. 2d 928, 931 (Ala. Civ. App. 2004) (quoting C.J.L. v. M.W.B., 868 So. 2d 451, 453 (Ala. Civ. App. 2003)). See also Kingvision Pay-Per-View, Ltd. v. Ayers, 886 So. 2d 45 (Ala. 2003) (holding that insufficient service of process may be waived); Hall v. Hall, 122 So. 3d 185, 190 (Ala. Civ. App. 2013) ("'A defense alleging a lack of personal jurisdiction because of insufficiency of service of process, however, can be waived if the defendant submits himself or herself to the

15

jurisdiction of the trial court.'" (quoting Klaeser v. Milton, 47 So. 3d 817, 820 (Ala. Civ. App. 2010))); and Rule 12(h)(1), Ala. R. Civ. P. ("A defense of lack of jurisdiction over the person ... is waived ... if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof ....").

Second, the removal of the administration of an estate from the probate court to the circuit court is not a new action, but simply the continuation of the action in another forum:

> "'[W]hen the administration of an estate is removed from the probate court to the circuit court, the circuit court typically takes the proceeding where the probate court left off.' Ex parte Farley, 981 So. 2d 392, 396 (Ala. 2007); see also Estate of Autry v. McDonald, 332 So. 2d 377, 379 (Ala. 1976); Ex parte Stephens, 233 Ala. 167, 169, 170 So. 771, 773 (1936) ('When the circuit court, in the exercise of its unquestioned jurisdiction, reached out and brought before it for administration the estate ..., it took over that estate, and the proceedings had therein, just where they stood when the same were taken over. The order of removal did not serve to set aside or to annul what had been properly done theretofore in the probate court, but rather to "pick up the proceedings" where the probate court had left off....')."

Sims v. Estate of West, 90 So. 3d 770, 772-73 (Ala. Civ. App. 2012). Thus, when the administration of an estate is removed

to the circuit court, the circuit court "pick[s] up the proceedings where the probate court had left off." Sims, 90 So. 3d at 773 (internal quotation marks omitted). Further, this Court has explicitly held that notice to the parties of the removal under § 12-11-41 of the administration of an estate from the probate court to the circuit court is not required: "[Section] 12-11-41 neither expressly nor impliedly requires that any party receive notice of a petition for removal .... Since removal is a matter of right, notice is unnecessary." Ex parte Clayton, 514 So. 2d 1013, 1018 (Ala. 1987).

Portions of the probate court record included in the 2005 circuit court action indicate that Jewel and William J. Campbell, Jr., both filed a "waiver of notice and consent to probate" in the probate proceeding. Additionally, the probate court, on April 22, 1977, appointed a guardian ad litem for Roy and Acie, who were minors at the time, and ordered that they and their mother be served with notice of the probate court proceeding. Another document indicates that the guardian ad litem subsequently appeared before the court in the proceedings and filed a pleading "deny[ing] each and every

17

allegation contained in such proceedings and demand[ing] proof thereof." For all that appears, these four plaintiffs were parties to the probate court action; no notice to them was required when the action was transferred to the circuit court. Clayton, supra.[6] Thus, a lack of personal jurisdiction as to these parties has not been demonstrated.

Kelly Calvert and Amanda Givens were not parties to the original probate court action.[7] Both, however, were named as parties in the 2005 circuit court action and both were represented by the same counsel who represented Jewel and William J. Campbell, Jr., although that counsel later withdrew from representing Amanda, who then proceeded pro se. No challenge to the circuit court's exercise of personal jurisdiction is found in the record of the 2005 circuit court action; any issue as to personal jurisdiction was therefore

---

[6]Further, both Jewel and William J. Campbell, Jr., actually participated in the 2005 circuit court action: both were represented by counsel. Jewel even filed an appeal from the court's judgment. See Campbell v. Estate of Campbell, supra.

[7]Kelly and Amanda's mother, Janice Calvert, who died in 1987, was a party to that case and, like Jewel and William J. Campbell, Jr., filed a "waiver of notice and consent to probate" in that proceeding.

18

waived.  <u>J.T.</u>, supra; <u>Hall</u>, supra; and Rule 12(h)(1), Ala. R. Civ. P.

Eva and William C. Campbell were not yet born at the time of the initiation of the probate court proceedings.  Their father, Dennie Rudolph Campbell, had been a party to those proceedings and had also filed a "waiver of notice and consent to probate."  Dennie died in 1999.  Nothing before us indicates what happened in the probate court regarding his interests after he died: it appears that no suggestion of death was filed and that no substitution of parties under Rule 25, Ala. R. Civ. P., occurred.[8]

Eva and William C. Campbell claim to be heirs of A.V. Campbell, Sr., through Dennie and argue that they were thus necessary parties to the 2005 circuit court action; they therefore contend that their failure to be named as parties renders the 2006 judgment "void."  Again, as we held above, the failure to join a necessary party did not render the 2006

---

[8]Testimony in the record indicates that both Eva and William C. Campbell were actually present at the courthouse during hearings conducted in the 2005 circuit court action; for all that appears, they had actual notice that the administration of the estate was proceeding in the circuit court.

judgment void for lack of subject-matter jurisdiction. In their brief on appeal, the plaintiffs do not present a direct argument as to the issue of personal jurisdiction; instead, they rely on the argument that the lack of necessary parties itself rendered the judgment void. In support of that argument, they cite Maxwell v. State, 656 So. 2d 882 (Ala. Civ. App. 1995), and Mickens v. Calame, 497 So. 2d 505 (Ala. Civ. App. 1986). Maxwell stands for the general proposition that Rule 60(b)(4) relief is applicable when the court that entered the prior judgment "either lacked subject matter jurisdiction, lacked personal jurisdiction over one or more of the parties, or otherwise functioned in a manner which was not consistent with the principles of due process." 656 So. 2d at 884. Mickens stands for the proposition that a default judgment may be set aside as "void" under Rule 60(b)(4) where the summons and complaint "fail[ed] to conform" with Rule 4, Ala. R. Civ. P.[9]

---

[9]They further cite in their reply brief Johnston v. White-Spunner, supra, and Rogers v. Smith, supra, both of which, as noted above, indicate that a judgment is "void" if the trial court did not have subject-matter or personal jurisdiction.

20

Neither of these decisions addresses whether a probate court or, after removal of proceedings under § 12-11-41, a circuit court has personal jurisdiction over the heirs to the estate of one who was previously a proper party in the case.[10] And those cases do not demonstrate that the failure to join Eva and William C. Campbell in the 2005 circuit court action rendered the 2006 judgment "void" for purposes of Rule 60(b)(4). Rule 28(a)(10), Ala. R. App. P., requires that the parties present in their brief the legal authorities that support their position. "If they do not, the arguments are waived." White Sands Grp., L.L.C. v. PRS II, LLC, 998 So. 2d 1042, 1058 (Ala. 2008). Given that the lack of personal jurisdiction is subject to waiver, see Rule 12(h)(1), and J.T., 892 So. 2d at 931, and that no authority is presented showing that the court in the 2005 circuit court action lacked personal jurisdiction, the plaintiffs have not demonstrated on appeal that their Rule 60(b)(4) motion was due to be granted for lack of personal jurisdiction over Eva and William C. Campbell. See Clements v. Clements, 990 So. 2d 383, 396 (Ala.

---

[10]Indeed, another case cited on appeal, Cook, supra, suggests that the administrator of Dennie's estate was a necessary party.

21

Civ. App. 2007) (holding that a personal-jurisdiction argument was "waived and this court will not consider it for the first time on appeal"), and Ex parte Phil Owens Used Cars, Inc., 4 So. 3d 418, 428-29 (Ala. 2008) (Murdock, J., concurring in the rationale in part and concurring in the result (citing Rule 28(a)(10) and concluding that a party had not on appeal sufficiently argued that personal jurisdiction did not exist)); cf. Pruitt v. Palm, 671 So. 2d 105 (Ala. Civ. App. 1995) (affirming the denial of a motion under Rule 60(b) challenging a judgment as void for lack of personal jurisdiction because the record was silent as to the facts and allegations supporting the appellant's arguments).  For these reasons, the trial court's summary judgment denying the plaintiffs' Rule 60(b)(4) motion, case no. 1110057, is affirmed.  Our holding in case no. 1110057 renders moot the challenge presented in the cross-appeal, case no. 1110104, and we dismiss that appeal.

Conclusion

The trial court's judgment in favor of the defendants denying the plaintiffs' Rule 60(b)(4) motion is affirmed; the cross-appeal is dismissed as moot.

1110057; 1110104

1110057 -- AFFIRMED.

Moore, C.J., and Bolin, Parker, Shaw, Wise, and Bryan, JJ., concur.

Murdock, J., concurs in the rationale in part and concurs in the result.

Main, J., concurs in the result.

1110104 -- APPEAL DISMISSED AS MOOT.

Moore, C.J., and Bolin, Parker, Murdock, Shaw, Main, Wise, and Bryan, JJ., concur.

1110057; 1110104

MURDOCK, Justice (concurring in the rationale in part and concurring in the result in case no. 1110057 and concurring in case no. 1110104).

I agree with the analysis of the main opinion in case no. 1110057 with respect to whether a judgment is "void" for lack of joinder of necessary or indispensable parties.  I would add that Professors Wright and Miller also are in "agreement":

> "Because an objection to the failure to join a person who should be regarded as indispensable under Rule 19(b) may be raised as late as on an appeal from a final judgment or by the court on its own motion, the impression is created that a failure to join is jurisdictional, since ordinarily only jurisdictional defects are treated in this fashion. Thus, it is not surprising that cases can be found that speak of nonjoinder as ousting the court of jurisdiction.  Since the indispensable-party doctrine is equitable both in its origin and nature, however, scholarly commentary as well as the vast majority of courts reject this 'jurisdictional' characterization."

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1611 (3d ed. 2001) (emphasis added).

I do not agree with the rationale offered by the main opinion, however, for affirming the trial court's judgment as to some of the plaintiffs.  The main opinion reasons that "this Court has explicitly held that notice to the parties of the removal under § 12-11-41[, Ala. Code 1975,] of the administration of an estate from the probate court to the

24

circuit court is not required." ___ So. 3d at ___ (emphasis added; emphasis omitted). Be that as it may, the issue before us does not concern a lack of notice of the removal of the administration of the estate, but a lack of notice and an opportunity to participate in a particular proceeding initiated by a petition filed some 28 years after the estate proceedings were initiated. Specifically, the contention before us is that some of the plaintiffs did not receive notice or an opportunity to respond to a petition filed in 2006[11] or to participate in the proceedings that ensued from that petition and that resulted in what the main opinion refers to as the 2006 judgment. I cannot agree that merely because Jewel Campbell, William J. Campbell, Jr., Acie A. Campbell, and Roy J. Campbell were not entitled to notice of the removal in 2005 of the administration of the estate of A.V. Campbell, Sr., from the probate court to the circuit court, they also were not entitled to notice of the 2006

_____

[11]The main opinion uses the term "2005 circuit court action." The estate-administration proceedings were initiated in 1977 and were removed to the circuit court pursuant to a removal petition filed in June 2005. The dispute as to the ownership of certain land that was adjudicated in the 2006 judgment, however, was the subject of a specific petition seeking that adjudication filed on July 10, 2006.

petition and an opportunity to participate in the proceedings ensuing therefrom.

That said, as to Jewel Campbell and William J. Campbell, Jr., I would affirm the 2006 judgment (as does the main opinion), but I would do so on the different ground that both of those parties either received notice of the 2006 petition and the ensuing proceedings and/or did in fact participate in those proceedings in a manner sufficient to give rise to a waiver of any deficiency in his or her notice of the same.

As to Acie and Roy, I also would affirm on a different ground than that stated in the main opinion. Elsewhere in the main opinion, it is stated that "the plaintiffs do not present a direct argument as to the issue of personal jurisdiction; instead, they rely on the argument that the lack of necessary parties itself rendered the judgment void." ___ So. 3d at ___. That is, we are not presented in this appeal with an argument differentiating among the plaintiffs for purposes of application of the principles of in personam jurisdiction (or, for that matter, the doctrine of res judicata) in relation to the 2006 judgment. As discussed, the argument that the judgment as a whole is void for failure to join necessary

26

1110057; 1110104

parties is without merit.  I therefore concur in the result reached by the main opinion as to Acie and Roy in case no. 1110057.