2002 OK CIV APP 121

Tammy **RECTOR**, Plaintiff/Appellee,

v.

John **KIMES**, Defendant/Appellant.

**No. 97,491.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 21, 2002.

John P. Kent, Massad, Evans & Kent, P.C., Frederick, OK, For Plaintiff/Appellee.

J.W. Doolin, Lawton, OK, For Defendant/Appellant.

Opinion by KENNETH L. BUETTNER, Judge:

¶ 1 The parties were divorced September 13, 1994, in Michigan. Legal and physical custody of their child was awarded to them jointly. In November 1994, the Michigan Court entered an order modifying child custody. This order stated that Tammy Kimes (Mother) had moved to Oklahoma, leaving the care of the child with John Kimes (Father).[1] The court left legal custody of the child with both parents, but transferred physical custody to Father. It held Mother's child support obligation in abeyance. On May 25, 2001, Mother filed a motion to modify the Michigan child custody order in the District Court of Tillman County, Oklahoma, asking that custody be placed with her. She alleged that the child had lived in Tillman County, Oklahoma with her since July 3, 2000 and attended public school (sixth grade) in Frederick, Oklahoma. She claimed that Oklahoma had jurisdiction to modify the Michigan order pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). We hold that the Oklahoma District Court did not have jurisdiction to undertake this matter. We therefore reverse the order of February 14, 2002.

¶ 2 Father appeared specially and moved to dismiss the proceedings. He did not submit to the jurisdiction of the Oklahoma court, and never asked for relief from the Oklahoma court.

¶ 3 In its order, the trial court found that Father had been served with notice of the hearing on the motion to modify and noted Father's lawyer's Motion to Dismiss. It found that it had jurisdiction over Mother and child and that Oklahoma had jurisdiction over the subject matter of the action. It then found Father in default. The order stated that Oklahoma was the home state of the child. It noted the decree and modification from Michigan. The trial court based its holding of jurisdiction on the UCCJEA, finding that: (1) Oklahoma was the child's home state; (2) the child and at least one contestant had a significant connection with Oklahoma and that there was available in Oklahoma substantial evidence concerning the child's present care, protection, training, and personal relationships; (3) no other state would have jurisdiction under the pre-requisites of the UCCJEA or the Parental Kidnaping Prevention Act, and that it was in the child's best interest that the court of Tillman County, Oklahoma assume jurisdiction. It further found that Tammy Rector was a fit and proper person to assume custody of the child and modified the Michigan decrees immediately to give custody to Mother.

¶ 4 The court allowed visitation to Father conditioned on a $20,000 performance bond and further conditioned on Father's appearance before the court "voluntarily" submitting himself to the court's jurisdiction. The court ordered Father to pay $911.02 per month to Mother as child support. The court made other orders attendant to the order modifying custody, including ordering Father to pay Mother all of her attorney fees and costs.

¶ 5 We hold that, pursuant to the Oklahoma Child Custody Jurisdiction and Enforcement Act, 43 O.S. Supp.1998 § 551–101 et seq., Oklahoma had no jurisdiction to modify the Michigan decree and order which granted physical custody to Father.[2]

¶ 6 The Oklahoma Uniform Child Custody Jurisdiction and Enforcement Act

1. The record reveals that Tammy Kimes, now Rector, had remarried.

2. Father specifically raises the following propositions of error: 1) Oklahoma does not have jurisdiction to modify the prior Michigan order; 2) the Oklahoma court erroneously relied on the "simultaneous proceeding" section of the UCCJEA; 3) the Oklahoma court did not have jurisdiction to issue a child support order; 4) the Oklahoma court abused its discretion in awarding attorney fees to Mother; 5) the Oklahoma court lacked jurisdiction to require Father to submit to its jurisdiction; and 6) the Oklahoma court did not have grounds to require a performance bond. Because we hold that Oklahoma erroneously assumed jurisdiction, we need not address all of these allegations of error.

governs this action and the Oklahoma court was mandated to follow it. Article 2 of the UCCJEA sets forth the requirements for an Oklahoma court to assume jurisdiction. Section 551–203 specifically relates to jurisdiction to modify a child custody determination:

### JURISDICTION TO MODIFY DETERMINATION

Except as otherwise provided in Section 16 of this act [43 O.S. § 551–204 (temporary emergency jurisdiction)] a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under paragraph 1 or 2 of subsection A of Section 13 of this act [43 O.S. § 551–201] *and:*

1. The court of the other state determines it no longer has exclusive, continuing jurisdiction under Section 14 of this act [43 O.S. § 55–202 [3]] or that a court of this state would be a more convenient forum under Section 19 [43 O.S. § 551–207 (inconvenient forum)] of this act; or

2. A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state. (Emphasis added.)

¶ 7 The facts with regard to jurisdiction are clear. Michigan made the initial determination in the divorce decree which was subsequently modified in Michigan. There was no indication that the Michigan court determined that, (1) it no longer had exclusive, continuing jurisdiction, or (2) that an Oklahoma court would be a more convenient forum. Likewise, it was clear that Father continued to live in Michigan, and that neither Oklahoma nor Michigan found that Father was not still a resident of Michigan. (Father was served by certified mail at his Michigan address.) Therefore, it was irrelevant that Oklahoma could have been qualified to make an initial determination due to home state status. The court erroneously assumed jurisdiction pursuant to the mandates of 43 O.S. Supp.1998 § 551–203.

¶ 8 At the second hearing on the Motion to Dismiss, argued immediately before Mother's evidence was taken at the hearing on her Motion to Modify, the trial court changed its ground for denying the motion, stating: "And I am convinced that under the clear reading of 551–206(C), that this is the court that makes the call even without considering home state jurisdiction because of the specific coverage of simultaneous proceedings. There was no simultaneous proceeding at the time that this one was filed."

¶ 9 The trial court found that there was no simultaneous proceeding occurring in Michigan. 43 O.S. Supp.1998 § 551–206. Subsection C was read out of context. The complete section provides:

A. Except as otherwise provided in Section 16 of this act,[4] a court of this state may not exercise its jurisdiction under this article[5] if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced · in a court of another state having jurisdiction substantially in conformity with this act,[6] unless the proceed-

---

**3.** 43 O.S. § 551–202:

A. Except as otherwise provided in Section 16 [43 O.S. § 551–204] of this act, a court of this state which has made a child custody determination consistent with Section 13 or 15 [43 O.S. § 551–201 or 551–203] (jurisdiction to make initial child custody determination or jurisdiction to modify a child custody determination) has exclusive, continuing jurisdiction over the determination until:

1. A court of this state determines that neither the child, the child and one parent, nor the child and a persona acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

2. A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent to not presently reside in this state.

B. A court of this state which has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under Section 13 [43 O.S. § 551–201 (initial custody proceeding)] of this act.

**4.** Title 43, § 551–204.

**5.** Title 43, § 551–201 et seq.

**6.** Title 43, § 551–101 et seq.

ing has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under Section 19 of this act.[7]

B. Except as otherwise provided in Section 16 of this act, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to Section 21 of this act.[8] If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this act, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this act does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.

C. In a proceeding to modify a child custody determination, a court of this state shall determine whether a proceeding to enforce the determination has been commenced in another state. If a proceeding to enforce a child custody determination has been commenced in another state, the court may:

1. Stay the proceeding for modification pending the entry of an order of a court of the other state enforcing, staying, denying, or dismissing the proceeding for enforcement;

2. Enjoin the parties from continuing with the proceeding for enforcement; or

3. Proceed with the modification under conditions it considers appropriate.

 ¶ 10 Under both subsections A and B, an Oklahoma court is denied jurisdiction if a proceeding concerning custody has been commenced in another state having jurisdiction substantially in conformity with the UCCJEA. Michigan adopted the UCCJEA effective April 1, 2002. Prior to that, Michigan followed the Uniform Child Custody Jurisdiction Act (effective 3/31/76)(UCCJA). We hold that the jurisdictional provisions of the UCCJA are in substantial conformity with UCCJEA. The Comment to Title 2 of the UCCJEA, with respect to subsection (c), states:

> Subsection (c) concerns the problem of simultaneous proceedings in the State with modification jurisdiction and enforcement proceedings under Article 3. This section authorizes the court with exclusive, continuing jurisdiction to stay the modification proceeding pending the outcome of the enforcement proceeding, to enjoin the parties from continuing with the enforcement proceeding, or to continue the modification proceeding under such conditions as it determines are appropriate.

¶ 11 Subsection C applies to the state which has exclusive, continuing jurisdiction. That state is Michigan, not Oklahoma. To read subsection C as the trial court did here would allow any state to proceed with a motion to modify, notwithstanding the fact that another court has exclusive continuing jurisdiction, a result which is directly at odds with the purpose of the UCCJEA.

¶ 12 The Oklahoma court did not have jurisdiction to modify the Michigan child custody order. We therefore REVERSE and VACATE the order on the ground that the court did not have jurisdiction to consider the Motion to Modify, and further vacate any orders based on or stemming from that order, including the orders assessing child support and allowing attorney fees and costs to Mother.

REVERSED.

JOPLIN, V.C.J. and JONES, J., concur.

---

7. Title 43, § 551–207.

8. Title 43, § 551–209.