ATCHISON v ATCHISON

Docket No. 243503. Submitted March 4, 2003, at Detroit. Decided May 13, 2003, at 9:05 A M.

Dennis Atchison obtained a divorce from Teresa L. Atchison in Macomb Circuit Court after Teresa Atchison moved to Toronto, Canada, with the parties' two minor children and decided not to return to Michigan. The judgment of divorce divided the parties' assets and provided for the support and custody of the parties' children. Regarding custody, the judgment incorporated an order of an Ontario court awarding the parties joint custody of the children, establishing their primary residence in Ontario, and ordering that any future issues respecting custody be resolved by the Ontario court. Subsequently, the parties' minor daughter lived with her father in Michigan for over a year, before returning to live with her mother in Ontario. Thereafter, Dennis Atchison filed a petition for change of custody, alleging that the temporary placement of his minor daughter in his custody had, in effect, resulted in a change of domicile that warranted modification of the custody order. The defendant argued that the trial court lacked jurisdiction in light of the order of the Ontario court. The circuit court, Antonio P. Viviano, J., concluded that it lacked jurisdiction and denied the petition. The plaintiff appealed.

The Court of Appeals *held*:

Under the Uniform Child Custody Jurisdiction and Enforcement Act, MCL 722.1101 *et seq.*, once a court of another state (or foreign country) renders a child-custody determination, a Michigan court shall not modify this order unless certain criteria are satisfied, to wit: the other state determines it no longer has exclusive jurisdiction or that a Michigan court would be a more convenient forum, or when the child, parent, or person acting as a parent no longer resides in the other state or foreign country. MCL 722.1203. In this case, the plaintiff failed to establish any of the requisite criteria that would allow the trial court to exercise jurisdiction and modify the custody order.

Affirmed.

*Puzzuoli, Hribar, Iafrate, Majerowicz, Gaber, Seay, Jansen & Kohler* (by *Wendy A. Jansen*) for the plaintiff.

*Rini and Rini* (by *James W. Rini*) for the defendant.

Before: HOEKSTRA, P.J., and SMOLENSKI and FORT HOOD, JJ.

PER CURIAM. Plaintiff Dennis Atchison appeals as of right from the trial court's order denying his petition for change of custody. We affirm.

The parties were married in June 1985, and resided in Michigan. A daughter was born in 1988, and a son was born in 1992. In 1994, defendant Teresa L. Atchison moved with the two children to Toronto to care for her terminally ill father. After her father's death, defendant and the children continued to live in Ontario, Canada. On January 2, 1998, plaintiff filed a complaint for divorce. Defendant filed an answer to the complaint and her own countercomplaint for divorce. In these pleadings, defendant alleged that proceedings regarding physical custody of the children were pending in an Ontario court. On September 1, 1998, the trial court entered a consent judgment of divorce by withdrawal. The judgment of divorce divided the parties' assets and set forth the payment of child support. The child-support provision of the judgment of divorce provided:

> IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff shall pay through the office of the Macomb County Friend of the Court the sum of Two Hundred Thirty One ($231.00) dollars per week for the support and child care of the parties two (2) minor children commencing upon entry of this Judgment and until said children attains the age of eighteen (18)

years, or beyond if said child is regularly attending high
school with a reasonable expectation of completing suffi-
cient credits to graduate from high school while residing on
a full time basis with the payee of support or at an institu-
tion, but in no case after each child reaches nineteen (19)
years and six (6) months of age or until further order of this
court.

While the payment of child support was through the
office of the Macomb County friend of the court, the
judgment of divorce contained the following provi-
sion regarding child custody:

IT IS FURTHER ORDERED AND ADJUDGED that custody and visi-
tation of the minor children shall be awarded pursuant to
the Order of the Ontario Court Provincial Division Case
# D84/98-A-A1 entered on February 9, 1998 a copy of which
is attached hereto and made a part hereof and marked
Exhibit A, and the Ontario Court shall retain jurisdiction
with respect to the issue of custody and visitation.

The order of the Ontario Court Provincial Division
provided, in relevant part:

1. The parties shall have joint custody of the children of
the marriage . . . .

2. The primary residence of the children shall be with the
Applicant [defendant], in the Province of Ontario, the
Respondent husband [plaintiff] having acknowledged and
agreed that the children have habitually resided in the Prov-
ince of Ontario since April, 1994, and that the children will
retain the Province of Ontario as their domicile, and the
parties having further agreed that should any issues
respecting custody or access arise in future, those issues
will be heard and determined by the Ontario Court.

The parties formally modified the child-support pay-
ments by court order to account for "temporary"
placements of the minor daughter with plaintiff

between September 2000 and September 2001. In July 2002, plaintiff petitioned for change of custody with respect to the minor daughter. Plaintiff alleged that the temporary placements of the minor daughter in his custody had, in effect, resulted in a change of domicile and a court order would merely reduce the current custodial situation to writing. In response, defendant alleged that the trial court lacked jurisdiction in light of the divorce judgment's provision that custody issues were to be determined by the Ontario court. Initially, the trial court held that it would confer with the judge in Toronto regarding jurisdiction. At a subsequent hearing, the trial court was advised that a consultation with the Ontario court would not occur without the filing of a formal petition in the Ontario court. Plaintiff alleged that a petition did not need to be filed in Ontario because Michigan had become the home state on the basis of the minor daughter's residence in this state for at least six months. The trial court denied the petition for change of custody, declining to exercise jurisdiction in light of the terms of the judgment of divorce.

Plaintiff alleges that the trial court committed clear legal error by refusing to accept jurisdiction of the custody petition involving the minor daughter in light of her two-year residency in this state. We disagree. Whether a trial court has subject-matter jurisdiction presents a question of law that this Court reviews de novo. *Brooks v Mammo*, 254 Mich App 486, 492; 657 NW2d 793 (2002); *Young v Punturo*, 252 Mich App 47, 54; 651 NW2d 122 (2002). This issue also involves interpretation of the Uniform Child Custody Jurisdiction and Enforcement Act, (UCCJEA), MCL 722.1101 *et seq.* Issues of statutory construction present ques-

tions of law that are reviewed de novo. *Cruz v State Farm Mut Automobile Ins Co*, 466 Mich 588, 594; 648 NW2d 591 (2002). The primary goal of statutory interpretation is to give effect to the intent of the Legislature. *In re MCI Telecom Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). This determination is accomplished by examining the plain language of the statute itself. *Id.* If the statutory language is unambiguous, appellate courts presume that the Legislature intended the meaning plainly expressed and further judicial construction is neither permitted nor required. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 402; 605 NW2d 300 (2000). Under the plain-meaning rule, courts must give the ordinary and accepted meaning to the mandatory word "shall" and the permissive word "may" unless to do so would frustrate the legislative intent as evidenced by other statutory language or by reading the statute as a whole. *Browder v Int'l Fidelity Ins Co*, 413 Mich 603, 612; 321 NW2d 668 (1982). Applying the plain language of the UCCJEA to this case, we conclude that the trial court properly declined jurisdiction. *DiBenedetto, supra.*

Michigan adopted the Uniform Child Custody Jurisdiction Act (UCCJA) to provide standards to determine: (1) whether a state could take jurisdiction of a child-custody dispute, (2) whether other states were prohibited from subsequently taking jurisdiction, (3) enforcement of a custody decision, and (4) when modification of a child-custody decision was permitted. *In re Clausen*, 442 Mich 648, 662-663; 502 NW2d 649 (1993). Despite the widespread adoption of the UCCJA, differing interpretations resulted in uncertainty regarding the enforcement of custody decisions. In response, Congress adopted the Parental Kidnapping

Prevention Act (PKPA), 28 USC 1738A, to impose a duty on states to enforce a child-custody determination entered by a court in a sister state if the determination was consistent with the UCCJA. *Id.* at 664. However, inconsistency in interpretation of the UCCJA and the overlapping technicalities of the PKPA resulted in a loss of uniformity among the states. Consequently, in 1997, the National Conference of Commissioners on Uniform State Laws (NCCUSL) drafted and approved the UCCJEA to rectify thirty years of inconsistent case law and revise child-custody jurisdiction in light of overlapping federal enactments, including the Uniform Interstate Family Support Act.[1] The UCCJEA was designed to: (1) rectify jurisdictional issues by prioritizing home-state jurisdiction, (2) clarify emergency jurisdictional issues to address time limitations and domestic-violence issues, (3) clarify the exclusive continuing jurisdiction for the state that entered the child-custody decree, (4) specify the type of custody proceedings that are governed by the act, (5) eliminate the term "best interests" to the extent it invited a substantive analysis into jurisdictional considerations, and (6) provide a cost-effective and swift remedy in custody determinations.[2] The UCCJEA became effective in Michigan on April 1, 2002.[3] MCL 722.1101. Plaintiff acknowledged the passage of the UCCJEA and does not dispute its application to this petition.

---

[1] See <http://www.law.upenn.edu/bll/ulc/uccjea/final1997act.htm>.

[2] *Id.*

[3] The concerns and issues expressed by the NCCUSL regarding the creation and need for the UCCJEA were raised before the Michigan Legislature. House Legislative Analysis, HB 4855, October 31, 2001. With the adoption of the UCCJEA, the UCCJA was repealed.

A foreign country is treated as a state of the United States when applying the general and jurisdictional provisions of the UCCJEA. MCL 722.1105(1).[4] Once a court of another state has rendered a child-custody determination, a Michigan court shall not modify this order, MCL 722.1203, unless certain criteria are established. MCL 722.1203 provides:

> Except as otherwise provided in section 204 [MCL 722.1204], a court of this state shall not modify a child-custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial child-custody determination under section 201(1)(a) or (b) [MCL 722.1201] and either of the following applies: ˙
>
> (a) The court of the other state determines it no longer has exclusive, continuing jurisdiction under section 202 [MCL 722.1202] or that a court of this state would be a more convenient forum under section 207 [MCL 722.1207].
>
> (b) A court of this state or a court of the other state determines that neither the child, nor a parent of the child, nor a person acting as a parent presently resides in the other state.

Thus, to modify a child-custody determination from another state, the Michigan court must have jurisdiction to make the initial child-custody determination, MCL 722.1201, and the other state must determine that it no longer has exclusive, continuing jurisdiction or that a Michigan court would be a more convenient forum. MCL 722.1203(a). Alternatively, a Michigan court may modify a child-custody determination when it is determined that the child, parent of the child, or person acting as a parent to the child no longer

---

[4] Plaintiff does not challenge whether the Ontario order is in substantial conformity with the jurisdictional provisions of the UCCJEA, MCL 722.1105(2), or Canada's principles regarding human rights. MCL 722.1105(3).

resides in the other state. MCL 722.1203.[5] The satisfaction of these criteria before any modification is mandatory as evidenced by the use of the term "shall." MCL 722.1203; *Browder, supra.*

Review of the record reveals that the criteria for modification of the Canadian child-custody determination were not established. Once an initial child-custody determination occurs, exclusive, continuing jurisdiction generally remains with the decreeing court. MCL 722.1202. A review of the available record indicates that the Ontario court did not determine that it had relinquished its exclusive, continuing jurisdiction or that Michigan was a more convenient forum for the child-custody proceeding. MCL 722.1203(a).[6] Furthermore, defendant continued to reside in Ontario, Canada, MCL 722.1203(b), and thus, the Ontario court maintained an interest in retaining its exclusive, continuing jurisdiction. The rules regarding home-state priority and retention of continuing, exclusive jurisdiction for the state that entered the decree are designed to rectify conflicting proceedings and orders in child-custody disputes.[7]

Plaintiff alleges that it was imperative that the trial court in this state communicate with the Ontario court to determine whether it would decline to exercise jurisdiction. However, communication and coop-

---

[5] Plaintiff does not allege that the emergency jurisdiction exception to modification is invoked in this case. See MCL 722.1204.

[6] See also *Rector v Kimes*, 60 P3d 1068, 1070 (Okla App 2002) (holding that an initial custody evaluation or home-state residency was irrelevant when there was no indication that the decreeing court concluded whether it maintained exclusive, continuing jurisdiction or remained a convenient forum).

[7] See <http://www.law.upenn.edu/bll/ulc/uccjea/final1997act.htm>. House Legislative Analysis, HB 4855, October 31, 2001.

eration between the courts of this state and a court in another state is permissive, not mandatory. *Browder*, *supra*; MCL 722.1110; MCL 722.1112.[8] Furthermore, plaintiff's reliance on MCL 722.1206, for the proposition that the trial court was required to contact the Ontario court, is misplaced. MCL 722.1206 provides, in relevant part:

> (3) In a proceeding to modify a child-custody determination, a court of this state shall determine whether a proceeding to enforce the child-custody determination has been commenced in another state. If a proceeding to enforce a child-custody determination has been commenced in another state, the court may do any of the following:
>
> (a) Stay the proceeding for modification pending the entry of an order of a court of the other state enforcing, staying, denying, or dismissing the proceeding for enforcement.
>
> (b) Enjoin the parties from continuing with the proceeding for enforcement.
>
> (c) Proceed with the modification under conditions it considers appropriate.

Review of the plain language of the statute reveals that it does not impose communication requirements upon the courts of this state. *DiBenedetto, supra.* Furthermore, there is no minimal evidentiary burden of proof set forth in the plain language of the statute that would mandate communication between the courts.[9] *Id.* Accordingly, the trial court did not err in

---

[8] MCL 722.1110 provides that a Michigan court "may" communicate with a court of another state. MCL 722.1112 provides that a Michigan court "may" seek cooperation from a court of another state.

[9] Plaintiff alleges that it was inappropriate for the trial court to rely on the representations of defendant's Canadian counsel that the Canadian court would not entertain communications unless a formal petition was filed. If the veracity of those representations was called into question,

denying plaintiff's petition for change of custody on the basis of a lack of jurisdiction.

Affirmed.

---

there is no indication that plaintiff was prevented from verifying that information or from filing a petition for modification in the Canadian court, in accordance with the agreement to give Canada home-state jurisdiction. Furthermore, plaintiff's reliance on informal custody agreements and current custodial environment is precisely what the UCCJEA was designed to prevent. The UCCJEA was designed to set forth rules of procedure regarding home-state priority and continuing, exclusive jurisdiction to remedy the disparity and uncertainty that had arisen under the UCCJA.