*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re E. PADELSKY, Minor.

UNPUBLISHED
August 29, 2019

No. 347293
Oakland Circuit Court
Family Division
LC No. 2018-865869-NA

Before: K. F. KELLY, P.J., and TUKEL and REDFORD, JJ.

PER CURIAM.

In this child-protection proceeding, petitioner, the Michigan Department of Health and Human Services (DHHS), filed a petition requesting that the trial court exercise jurisdiction over the minor child and terminate the parental rights of respondent, the child's father and a resident of Colorado, at the initial dispositional hearing. Because a child-custody proceeding was pending in Colorado, the trial court dismissed the petition under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq.* Petitioner declined to appeal the dismissal order, but the child's nonrespondent mother, C. Fasullo-Nachtrieb (Nachtrieb), filed a motion for reconsideration of that order. The trial court granted the motion and reinstated the petition. Respondent now appeals by delayed leave granted. We reverse and vacate the trial court's order reinstating this case.

## I. BACKGROUND

Respondent and Nachtrieb previously lived in California. They have a history of accusing each other of parental unfitness, and Nachtrieb has accused respondent of sexually and physically abusing the minor child. In 2012, a California court entered an order awarding respondent legal and physical custody of the child. According to documents in the California proceeding, a California judge transferred custody from Nachtrieb to respondent because it found that Nachtrieb had Munchausen disorder by proxy, and that she mentally abused the child. Respondent and the child subsequently relocated to Colorado, and Nachtrieb relocated to Michigan. On August 6, 2018, respondent filed a "Registration of foreign decree" with the Broomfield District Court in Colorado with respect to the California custody order.

In the summer of 2018, the child arrived in Michigan for parenting time with Nachtrieb. Nachtrieb notified Michigan Child Protective Services (CPS) that the child disclosed physical

-1-

and sexual abuse by respondent. Nachtrieb petitioned the Oakland Circuit Court for custody of the child. The trial court communicated with the California court, which declined to exercise jurisdiction because neither of the parties or the child then resided in California. The trial court issued an ex parte order asserting temporary emergency jurisdiction under the UCCJEA and awarded Nachtrieb temporary custody of the child "for a period of two weeks from the date of this order (until August 16, 2018) which this Court considers adequate time to allow plaintiff to obtain an order from the state having jurisdiction under . . . the UCCJEA, which appears to be the child's home state of Colorado." Nachtrieb did not obtain any order from the Colorado court.

On August 13, 2018, the DHHS filed a petition for jurisdiction over the child pursuant to MCL 712A.2(b). The petition alleged that respondent sexually abused the then 14-year-old child "beginning in 2013 and ending in 2015," and requested termination of respondent's parental rights at the initial disposition. The trial court initially authorized the petition, but on August 28, 2018, it dismissed the petition on the ground that Colorado was a more convenient forum under the UCCJEA. The DHHS declined to appeal this order.

On October 2, 2018, Nachtrieb moved the trial court to reconsider or "clarify" its dismissal order pursuant to MCR 3.992. Nachtrieb asserted that the Colorado CPS authorities did not intend to further pursue child-protective proceedings to address the child's allegations of abuse. She argued that Michigan therefore had jurisdiction over the petition to terminate respondent's parental rights. In an order dated November 16, 2018, the trial court granted Nachtrieb's motion and reinstated the petition. This Court granted respondent's delayed application for leave to appeal that order. The trial court has stayed further proceedings pending this appeal.

## II. JURISDICTIONAL ANALYSIS

On appeal, respondent argues that the trial court did not have continuing jurisdiction to act under the UCCJEA and, therefore, erred by reinstating the petition in this child-protection matter. Respondent also raises various procedural challenges to the trial court's consideration of Nachtrieb's motion for reconsideration after having previously dismissed the petition for court jurisdiction. Because we conclude that the jurisdictional analysis under the UCCJEA is dispositive of this appeal, it is unnecessary to address respondent's additional procedural issues.

Whether the trial court has subject-matter jurisdiction is a question of law reviewed de novo. *Atchison v Atchison*, 256 Mich App 531, 534; 664 NW2d 249 (2003). However, the trial court's determination whether to exercise jurisdiction under the UCCJEA is reviewed for abuse of discretion. *Nash v Salter*, 280 Mich App 104, 108; 760 NW2d 612 (2008). The interpretation and application of statutes is a question of law reviewed de novo. *Atchison*, 256 Mich App at 534-535.

MCL 712A.2(b) governs jurisdiction over child-protection proceedings, but when other states are involved, the UCCJEA takes precedence. The resolution of this appeal requires interpretation and application of the UCCJEA. In *Atchison*, 256 Mich App at 535, this Court observed:

The primary goal of statutory interpretation is to give effect to the intent of the Legislature. . . . This determination is accomplished by examining the plain language of the statute itself. . . . If the statutory language is unambiguous, appellate courts presume that the Legislature intended the meaning plainly expressed and further judicial construction is neither permitted nor required. . . . Under the plain-meaning rule, courts must give the ordinary and accepted meaning to the mandatory word "shall" and the permissive word "may" unless to do so would frustrate the legislative intent as evidenced by other statutory language or by reading the statute as a whole. [Citations omitted.]

In *Atchison*, 256 Mich App at 536, this Court stated that the UCCJEA

was designed to: (1) rectify jurisdictional issues by prioritizing home-state jurisdiction, (2) clarify emergency jurisdictional issues to address time limitations and domestic-violence issues, (3) clarify the exclusive continuing jurisdiction for the state that entered the child-custody decree, (4) specify the type of custody proceedings that are governed by the act, (5) eliminate the term "best interests" to the extent it invited a substantive analysis into jurisdictional considerations, and (6) provide a cost-effective and swift remedy in custody determinations.

MCL 722.1102 provides the following definitions pertinent to this appeal:

(b) "Child" means an individual who is younger than 18 years of age.

(c) "Child-custody determination" means a judgment, decree, or other court order providing for legal custody, physical custody, or parenting time with respect to a child. Child-custody determination includes a permanent, temporary, initial, and modification order. Child-custody determination does not include an order relating to child support or other monetary obligation of an individual.

(d) "Child-custody proceeding" means a proceeding in which legal custody, physical custody, or parenting time with respect to a child is an issue. Child-custody proceeding includes a proceeding for divorce, separate maintenance, separation, *neglect, abuse*, dependency, guardianship, paternity, *termination of parental rights*, and protection from domestic violence, in which the issue may appear. Child-custody proceeding does not include a proceeding involving juvenile delinquency, contractual emancipation, or enforcement under article 3.

* * *

(g) "Home state" means the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child-custody proceeding. In the case of a child less than 6 months of age, the term means the state in which the child lived from birth with a parent or person acting as a parent. A period of temporary absence of a parent or person acting as a parent is included as part of the period.

(h) "Initial determination" means the first child-custody determination concerning a particular child.

(i) "Issuing court" means the court that makes a child-custody determination for which enforcement is sought under this act.

(j) "Issuing state" means the state in which a child-custody determination is made.

(k) "Modification" means a child-custody determination that changes, replaces, supersedes, or is otherwise made after a previous child-custody determination concerning the same child, whether or not it is made by the court that made the previous child-custody determination. [Emphasis added.]

Under these definitions, the California custody order qualifies as a child-custody determination under § 102(c). The definition of "child-custody proceeding" includes the California and Colorado proceedings governing custody and parenting time, and the Michigan child-protection proceeding, because § 102(d) does not distinguish between domestic-relations proceedings and child-protection proceedings. Michigan is not the child's home state because the child did not reside in this state for six consecutive months before petitioner filed the petition for jurisdiction and termination of respondent's parental rights. Rather, Colorado qualifies as the child's home state under § 102(g). The custody order in California was the "initial determination" under § 102(h), but California declined jurisdiction.

MCL 722.1201 governs a court's jurisdiction to make an "initial child-custody determination":

(1) Except as otherwise provided in section 204, a court of this state has jurisdiction to make an initial child-custody determination *only in the following situations*:

(a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

(b) A court of another state does not have jurisdiction under subdivision (a), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 207 or 208, and the court finds both of the following:

(*i*) The child and the child's parents, or the child and at least 1 parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

(*ii*) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

(c) All courts having jurisdiction under subdivision (a) or (b) have declined to exercise jurisdiction on the grounds that a court of this state is the more appropriate forum to determine the custody of the child under section 207 or 208.

(d) No court of another state would have jurisdiction under subdivision (a), (b), or (c).

(2) Subsection (1) is the *exclusive jurisdictional basis* for making a child-custody determination by a court of this state.

(3) Physical presence of, or personal jurisdiction over, a party or a child is neither necessary nor sufficient to make a child-custody determination. [Emphasis added.]

Under § 201, Michigan does not have jurisdiction to make an initial custody determination, except as provided in § 204, because Michigan is not the child's home state and the child had not resided in Michigan for six months, and because Colorado had jurisdiction and it did not decline jurisdiction under § 207 (another forum is more convenient) or § 208 (person invoking the court's jurisdiction has engaged in unjustifiable conduct). Accordingly, neither § 201(1)(a), nor § 201(1)(b), nor § 201(1)(c) applies. And § 201(1)(d) does not apply because Colorado has jurisdiction.

Subsection 201(1) restricts this state's jurisdiction to make an initial child-custody determination to the four situations set forth therein. Subsection 201(2) provides that § 201(1) "*is the exclusive jurisdictional basis* for making a child-custody determination." (Emphasis added.) Consequently, Michigan does not have jurisdiction because none of the situations applies.

MCL 722.1203 governs modification of a child-custody determination and provides as follows:

Except as otherwise provided in section 204, a court of this state shall not modify a child-custody determination made by a court of another state *unless a court of this state has jurisdiction to make an initial child-custody determination under section 201(1)(a) or (b)* and either of the following applies:

(a) The court of the other state determines it no longer has exclusive, continuing jurisdiction under section 202 or that a court of this state would be a more convenient forum under section 207.

(b) A court of this state or a court of the other state determines that neither the child, nor a parent of the child, nor a person acting as a parent presently resides in the other state. [Emphasis added.]

Under § 203, the Michigan court is precluded from modifying the California child-custody determination or any custody determination made by a Colorado court, unless it (1) has jurisdiction under § 201(a) or (b), and one of the stated conditions applies. As previously stated,

Michigan does not have jurisdiction under § 201(a) or (b). It therefore does not have jurisdiction to modify the existing custody determination.

MCL 722.1204 governs temporary emergency jurisdiction, and provides as follows:

(1) A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is *necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.*

(2) If there is no previous child-custody determination that is entitled to be enforced under this act and if a child-custody proceeding has not been commenced in a court of a state having jurisdiction under sections 201 to 203, a child-custody determination made under this section remains in effect until an order is obtained from a court of a state having jurisdiction under sections 201 to 203. If a child-custody proceeding has not been or is not commenced in a court of a state having jurisdiction under sections 201 to 203, a child-custody determination made under this section becomes a final child-custody determination, if that is what the determination provides and this state becomes the home state of the child.

(3) If there is a previous child-custody determination that is entitled to be enforced under this act or if a child-custody proceeding has been commenced in a court of a state having jurisdiction under sections 201 to 203, an order issued by a court of this state under this section *must specify in the order a period of time* that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under sections 201 to 203. *The order issued in this state remains in effect until an order is obtained from the other state within the period specified or the period expires.*

(4) If a court of this state that has been asked to make a child-custody determination under this section is informed that a child-custody proceeding has been commenced in, or that a child-custody determination has been made by, a court of a state having jurisdiction under sections 201 to 203, *the court of this state shall immediately communicate with the other court.* If a court of this state that is exercising jurisdiction under sections 201 to 203 is informed that a child-custody proceeding has been commenced in, or a child-custody determination has been made by, a court of another state under a statute similar to this section, the court of this state shall immediately communicate with the court of the other state. The purpose of a communication under this subsection is to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order. [Emphasis added.]

The trial court had temporary emergency jurisdiction under § 204. Petitioner's allegations established an emergency to protect the child from alleged abuse. All parties agree that the trial court had authority to exercise temporary jurisdiction under § 204, thus permitting it to issue the August 2, 2018 ex parte order. The court was required to comply with § 204(3) by specifying a

period of time to allow the petitioning party to obtain an order from the state having jurisdiction over the child. The trial court satisfied this requirement, but Nachtrieb did not obtain any order from the Colorado court in the specified two-week period. The trial court also satisfied its requirement under§ 204(4) by communicating with the Colorado court. The trial court properly dismissed the petition because its jurisdiction was only temporary.[1]

MCL 722.1206 governs simultaneous child-custody proceedings, and provides as follows:

> (1) Except as otherwise provided in section 204, *a court of this state may not exercise its jurisdiction under this article if, at the time of the commencement of the proceeding, a child-custody proceeding has been commenced in a court of another state having jurisdiction* substantially in conformity with this act, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under section 207.

> (2) Except as otherwise provided in section 204, before hearing a child-custody proceeding, a court of this state shall examine the court documents and other information supplied by the parties as required by section 209. *If the court determines that, at the time of the commencement of the proceeding, a child-custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this act, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this act does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the child-custody proceeding.*

> (3) In a proceeding to modify a child-custody determination, a court of this state shall determine whether a proceeding to enforce the child-custody determination has been commenced in another state. If a proceeding to enforce a child-custody determination has been commenced in another state, the court may do any of the following:

>> (a) Stay the proceeding for modification pending the entry of an order of a court of the other state enforcing, staying, denying, or dismissing the proceeding for enforcement.

>> (b) Enjoin the parties from continuing with the proceeding for enforcement.

---

[1] The trial court erroneously cited MCL 722.1207 as its basis for dismissal. As discussed below, § 207 applies only if a court has continuing jurisdiction. However, because the trial court reached the right result by dismissing the petition, it should have left the original dismissal in place. See *Hoffenblum v Hoffenblum*, 308 Mich App 102, 114; 863 NW2d 352 (2014).

(c) Proceed with the modification under conditions it considers appropriate. [Emphasis added.]

Section 206 precluded the trial court from exercising jurisdiction because the Colorado proceeding was not terminated or stayed. See MCL 722.1206(1). Nothing in the UCCJEA provides an exception where the other state declines to address the specific circumstances underlying the petition that triggered the Michigan court's temporary jurisdiction. See *id*.

MCL 722.1207 provides:

(1) A court of this state *that has jurisdiction under this act* to make a child-custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon the motion of a party, the court's own motion, or the request of another court.

(2) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including all of the following:

(a) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child.

(b) The length of time the child has resided outside this state.

(c) The distance between the court in this state and the court in the state that would assume jurisdiction.

(d) The parties' relative financial circumstances.

(e) An agreement by the parties as to which state should assume jurisdiction.

(f) The nature and location of the evidence required to resolve the pending litigation, including the child's testimony.

(g) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence.

(h) The familiarity of the court of each state with the facts and issues of the pending litigation.

(3) If a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child-custody proceeding be promptly commenced in

another designated state and may impose any other condition the court considers just and proper.

(4) A court of this state may decline to exercise jurisdiction under this act if a child-custody determination is incidental to an action for divorce or another proceeding while still retaining jurisdiction over the divorce or other proceeding. [Emphasis added.]

Section 207 applies only to a court "*that has jurisdiction* under this act to make a child-custody determination." The trial court had jurisdiction to act on an emergency basis only. The court therefore was not required to comply with the requirements for determining whether it was an inconvenient forum.

In sum, the trial court acted within its limited authority under the UCCJEA when it issued the temporary ex parte order, and the trial court properly dismissed the child-protection petition because it did not have continuing jurisdiction under the UCCJEA. Accordingly, the trial court erred when it later reasserted its jurisdiction by reconsidering its dismissal order. We therefore reverse the trial court's decision and vacate the November 16, 2018 order reinstating this case.

Reversed and vacated.

/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel
/s/ James Robert Redford