*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KATHY B. ALI,

Plaintiff-Appellee,

v

BADER MOHAMED ALI,

Defendant-Appellant.

UNPUBLISHED
March 23, 2023

No. 360276
Barry Circuit Court
LC No. 2019-000130-DC

Before: K. F. KELLY, P.J., and BOONSTRA and REDFORD, JJ.

PER CURIAM.

Defendant appeals by right following the trial court's entry of a final uniform child support order (USO) on January 21, 2022. Specifically, defendant challenges the temporary USO—which covered the time period from March 4, 2019 until July 1, 2021—entered by the trial court on the same date. We vacate the temporary USO and remand to the trial court to either calculate the amount of child support using the Michigan Child Support Formula (MCSF) or follow the appropriate procedures for deviating from that formula.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff and defendant were divorced in Kuwait in January 2018. In 2019, plaintiff filed an action in the trial court seeking child support for the parties' two minor children.[1] The trial court held a hearing on plaintiff's motion for temporary sole legal and physical custody, parenting time, and child support on March 4, 2019. Defendant did not appear at this hearing. Although the friend of the Court (FOC) had not made a recommendation of support under the MCSF, the trial court awarded plaintiff a monthly child support amount based solely on plaintiff's asserted monthly expenses for the minor children. The trial court did not make findings on the record of the parties' income under the MCSF or state on the record its reasons for deviating from the

---

[1] The parties also had three adult children who were not the subjects of a support order.

-1-

formula. For reasons that are unclear from the record, the trial court did not enter a custody and support order reflecting its ruling until October 2019, and a USO was not included with the order.

A default was entered against defendant in April 2019. In July 2020, the trial court held a hearing on defendant's motion to set aside the default. The trial court denied defendant's motion, but it permitted defendant to participate in the FOC's investigation for the final child support order. The trial court told plaintiff that she was required to file a USO in order to collect under the temporary child support order.[2]

At a status conference held in May 2021, the trial court noted that a temporary USO had still not been filed. The trial court again ordered that plaintiff file the temporary USO and that the FOC investigate and recommend monthly child support under the MCSF. The trial court noted that the temporary support order had been set by another judge and that the trial court was aware that child support had been ordered without reference to the MCSF. However, the trial court explained that it would follow the temporary child support order because the deviation was due to defendant's failure to participate in the proceedings.

The FOC subsequently made a recommendation for child support, calculated based on defendant's reported pension benefits. An FOC caseworker testified that defendant had not provided income information as requested. Ultimately, the trial court held that an income of $75,000 per year would be imputed to defendant and $45,000 per year imputed to plaintiff, for purposes of a child support calculation. As noted, on January 21, 2022, the trial court entered both the final USO and the temporary USO. The final USO was effective July 1, 2021, and it reflected support obligations computed according to the MCSF. The temporary USO was effective on March 4, 2019 (and continued until the effective date of the final USO), and required defendant to pay child support of $4,763 per month. The temporary USO indicated that the support amount deviated from the MCSF recommendation "as stated on the record at [a] hearing on March 4, 2019."

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo the proper interpretation of the MCSF and its applicable statutes. *Atchison v Atchison*, 256 Mich App 531, 534-535; 665 NW2d 249 (2003). This Court reviews for an abuse of discretion the trial court's exercise of discretion under the MCSF. *Borowsky v Borowsky*, 273 Mich App 666, 672; 733 NW2d 71 (2007). "An abuse of discretion occurs when the decision resulted in an outcome falling outside the range of principled outcomes." *Hayford v Hayford*, 279 Mich App 324, 325; 760 NW2d 503 (2008). The trial court's factual findings regarding the amount of support under the MCSF are reviewed for clear error. *Borowsky*, 273 Mich App at 672.

---

[2] See MCR 3.211(D).

## III. ANALYSIS

Defendant argues that the trial court erred by entering the temporary USO without basing the amount of support on the MCSF or explaining its deviation. We agree.

Trial courts may enforce children's right to receive financial support from their parents. MCL 722.3; *Borowsky*, 273 Mich App at 673. The trial court may deviate from the child support calculation under the MCSF manual, which is published by the FOC pursuant to its legislative mandate. MCL 552.519. The MCSF manual is "based upon the needs of the child and the actual resources of each parent." MCL 552.519(3)(a)(*vi*). MCL 552.605 states in relevant part:

> (1) If a court orders the payment of child support under this or another act of the state, this section applies to that order.
>
> (2) Except as otherwise provided in this section, the court shall order child support in an amount determined by application of the child support formula developed by the state friend of the court bureau as required in section 19 of the friend of the court act, MCL 552.519. The court may enter an order that deviates from the formula if the court determines from the facts of the case that application of the child support formula would be unjust or inappropriate and sets forth in writing or on the record all of the following:
>
> (a) The child support amount determined by application of the child support formula.
>
> (b) How the child support order deviates from the child support formula.
>
> (c) The value of property or other support awarded instead of the payment of child support, if applicable.
>
> (d) The reasons why application of the child support formula would be unjust or inappropriate in the case.

Once a trial court orders child support, the trial court must order that amount as determined by the MCSF, unless it determines from the facts of the case that application of the formula was "unjust or inappropriate." MCL 552.605(2). If a deviation is appropriate, the trial court must set forth in writing or on the record: "(a) The support amount determined by application of the child support formula[;] (b) How the support order deviates from the child support formula[;] (c) The value of property or other support awarded in lieu of the payment of child support, if applicable[; and] (d) The reasons why application of the child support formula would be unjust or inappropriate in the case." *Burba v Burba (After Remand)*, 461 Mich 637, 644; 610 NW2d 873 (2000), citing MCL 552.605(2)(a) through (d). The criteria for deviation are mandatory. *Burba (On Remand)*, 461 Mich at 644. Trial courts "presumptively must follow the formula." *Id*. at 645. "The importance the Legislature attached to courts carefully articulating these factors when deviating from the formula cannot be underestimated . . . ." *Id*. at 644.

The trial court in this case did not follow the procedural requirements of MCL 552.605(2) with respect to the support obligations set forth in the temporary USO. Although the temporary

USO refers to the record from the March 4, 2019 hearing, the record shows that the FOC had not even calculated the parties' income under the MCSF at that time, and that the trial court did not make factual findings regarding the parties' income under the MCSF at that hearing. The trial court also did not state on the record the amount of support calculated under the formula, how the ordered child support deviated from the formula, or the reason the amount was unjust or inappropriate. See MCL 552.605(2). Although the trial court made some statements regarding this matter at later hearings, those statements were not cited as reasons for deviating from the MCSF. In light of the importance our Legislature and Supreme Court has placed on "courts carefully articulating these factors" when deviating from the MCSF, *Burba (On Remand)*, 461 Mich at 644, we believe the best course of action is to vacate the temporary USO and remand this case to the trial court so that the trial court may make a finding of support under the MCSF—for the period of time covered by the temporary USO—and consider whether to deviate from the MCSF in compliance with the statutory requirements; if the trial court determines on remand that deviation is warranted, it should follow the procedures set forth in MCL 552.605(2)(a) through (d). See *Burba (On Remand)*, 461 Mich at 650.[3]

We vacate the temporary USO and remand for further proceedings consistent with this opinion.[4] We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Mark T. Boonstra
/s/ James Robert Redford

---

[3] We recognize that defendant's refusal to cooperate in the FOC's investigation into his income, or to appear for hearings and be placed under oath, was a significant source of frustration for the trial court in this matter; however, this Court has made it clear that the "criteria for deviating from the MCSF are mandatory," and also that a trial court errs when it deviates from the MCSF in order to punish a party. See *Ewald v Ewald*, 292 Mich App 706, 716; 810 NW2d 396 (2011). We express no opinion about why the proper procedures were not followed in this case or whether deviation from the MCSF may in fact be warranted based on defendant's evasiveness and the lack of available income information; we only hold that the trial court must follow the proper procedures for making such a deviation, should it still wish to do so.

[4] Defendant has not raised a specific challenge to the final USO, and we do not disturb it.