*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CORNELIA S. LORENZ,

        Petitioner-Appellee,

UNPUBLISHED
March 9, 2023

v

Nos. 359832; 361127
Wayne Circuit Court

BENJAMIN LORENZ,

LC Nos. 21-110748-DC;
              21-105412-DC

        Respondent-Appellant.

Before: CAVANAGH, P.J., and SERVITTO and GARRETT, JJ.

PER CURIAM.

These consolidated appeals challenge the trial court's orders in a cross-continent child-custody dispute between respondent-father, Benjamin Lorenz, and petitioner-mother, Cornelia S. Lorenz. Acting under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq*., the trial court enforced a child-custody order from a German court awarding custody of the parties' two children to Cornelia. Benjamin now appeals, raising two interrelated arguments about notice: (1) he was deprived of due process when he was not given proper notice of the German custody proceedings, and (2) the trial court erred by finding that he failed to prove a lack-of-notice defense to registration of the German custody order. Benjamin also argues that the trial court reversibly erred by confirming registration of the German custody order because the foreign order did not consider the children's best interests and thus was not in substantial conformity with Michigan law.

Benjamin has not met his burden to establish that he lacked proper notice of the German proceedings, so we cannot conclude that the trial court deprived him of due process of law or erred by registering and enforcing the German custody order. The trial court also did not err by confirming registration of the German custody order because the German court was not required to consider Michigan's best-interest factors under the UCCJEA. For these reasons, we affirm.

## I. BACKGROUND

The facts leading to this child-custody dispute are largely undisputed. The parties were married in 2000, and they have two children, one born in 2009 and the other in 2011. The family lived in Michigan until January 2014, when they moved to Germany. The parties agreed that

Benjamin could take the children to visit relatives in the United States from July 21, 2020 to September 5, 2020. But Benjamin failed to return to Germany with the children, prompting this litigation.

Benjamin filed a complaint in Wayne Circuit Court for an initial custody determination under the UCCJEA, seeking sole legal and physical custody of the children and requesting entry of an order prohibiting the children's removal from Michigan. The trial court[1] dismissed the complaint for lack of jurisdiction because Michigan was not the children's "home state" under the UCCJEA.[2] Benjamin appealed, and we affirmed the dismissal. *Lorenz v Lorenz*, unpublished per curiam opinion of the Court of Appeals, issued May 20, 2021 (Docket No. 355973), p 1.

Separately, Cornelia initiated proceedings in United States federal court[3] and German district court. In December 2020, a German district court awarded temporary custody of the parties' minor children to Cornelia. The German court's order explained that Benjamin kept the parties' children in the United States contrary to the parties' agreement and refused to return the children to Cornelia. The German court found that Benjamin "obtained by fraud" Cornelia's consent to Benjamin taking the children to Michigan during the summer of 2020. The German court also found that Benjamin's conduct was a "serious breach of trust," that Cornelia was "the children's main caregiver," and that Germany was the habitual environment of both children. The court's order noted that Benjamin "could not be formally summoned to the court hearing on 10/26/2020."

In June 2021, Cornelia petitioned in Wayne Circuit Court for registration of the German court's child-custody order under the UCCJEA. Soon after, the trial court entered an order registering the German court's child-custody determination in Michigan. Benjamin filed a written objection to the validity of the registered child-custody determination. On the form contesting the registration, Benjamin checked the box raising the following defense:

> The respondent or person contesting registration was entitled to notice in the proceeding before the court that issued the custody determination for which

---

[1] Any references to the "trial court" refer to Wayne Circuit Court.

[2] For purposes of establishing which court has jurisdiction to make a child-custody determination, a "home state" is "the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child-custody proceeding." MCL 722.1102(g); see also *Cheesman v Williams*, 311 Mich App 147, 152-153; 874 NW2d 385 (2015).

[3] In November 2020, Cornelia brought suit in federal court under the Hague Convention on the Civil Aspects of International Child Abduction, arguing that the children were wrongfully removed from Germany to the United States by Benjamin. *Lorenz v Lorenz*, opinion and order of the United States District Court for the Eastern District of Michigan, issued April 20, 2022 (Case No. 20-cv-13128), p 1. The federal suit was ultimately dismissed as moot, considering the children's return to Germany in December 2021. *Id*. at 2-3.

registration is sought, but notice of those proceedings was not given in accordance with the standards of [MCL 722.1108] of the UCCJEA.

The trial court held a hearing on Benjamin's objection, and the parties' attorneys vigorously disputed whether Benjamin received proper notice of the German proceedings. Seeking clarity, the trial court took testimony from Benjamin on this issue. Benjamin testified that Cornelia e-mailed him in October 2020 to inform him of a custody hearing in Germany the following week. Benjamin also testified that he returned home from visiting relatives and received notice of a hearing sent by regular mail on a Saturday night, which informed him of an upcoming hearing in Germany on Monday. Benjamin stated that it would have been "physically impossible" to get there in time. After additional argument, the trial court denied Benjamin's objection, finding that "by his own admission, he clearly received notice and he was served." Benjamin requested an opportunity to amend his objection to registration to "address the issue of whether the German laws were in substantial conformity with Michigan law pursuant to the UCCJEA." The trial court stated that Benjamin could file a new motion to raise the alleged jurisdictional defect.

Benjamin never filed an amended objection. Instead, before the trial court entered its order denying his objection, Benjamin moved for reconsideration. He argued that the trial court should reconsider its decision declining to determine "whether Germany's laws are in substantial conformity with Michigan's child custody laws." He also alleged that he lacked a "meaningful opportunity" to appear for the German proceedings, and that he "received late notice for [an] in-person hearing only, without any permission to appear remotely, and could not travel due to COVID."

In October 2021, the trial court confirmed registration of the German custody order. The court found that Benjamin "failed to present sufficient evidence to establish one of the defenses to the validity of registration under MCL 722.1304(4)." Later, the court denied Benjamin's motion for reconsideration. The court noted that Benjamin filed his motion before the court even entered its order confirming the registered German custody order, and thus the motion was not ripe for decision. The court also found that Benjamin offered no legal basis for seeking reconsideration.

In a separate action in Wayne Circuit Court, Cornelia filed an emergency verified petition for enforcement of the German child-custody determination. In December 2021, the trial court found that Cornelia met the requirements for enforcement of a foreign custody determination and issued an order requiring Benjamin to appear in court with the children and their passports the next day. Benjamin complied with this enforcement order, and the children were returned to Germany.

These appeals followed. In Docket No. 359832, Benjamin appeals as of right the trial court's December 2021 order enforcing the German custody order. In Docket No. 361127, Benjamin appeals by delayed leave granted[4] the trial court's October 2021 order confirming registration of the German custody order.

---

[4] *Lorenz v Lorenz*, unpublished order of the Court of Appeals, entered August 8, 2022 (Docket No. 361127).

## II. PRESERVATION AND STANDARD OF REVIEW

In Docket No. 359832, Benjamin argues that he was deprived of due process when he did not receive notice of the German proceedings. Whether a party was denied due process of law presents a question of constitutional law, which we generally review de novo. *Bonner v City of Brighton*, 495 Mich 209, 221; 848 NW2d 380 (2014). But Benjamin failed to preserve any due-process argument below. In order to preserve an issue for appeal, a party must raise the issue in the trial court. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). Benjamin contends that he preserved his due-process challenge in his motion for reconsideration. This assertion is erroneous for several reasons. First, Benjamin did not file a motion for reconsideration in the lower court file associated with Docket No. 359832. Second, his motion for reconsideration—filed in the case associated with Docket No. 361127—does not raise a due-process argument. And third, even if it did, an issue first raised in a motion for reconsideration is not properly preserved for appeal. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Thus, Benjamin's due-process argument is unpreserved, and we review this unpreserved issue for plain error affecting substantial rights. *Whitmer v Bd of State Canvassers*, 337 Mich App 396, 412; 976 NW2d 75 (2021).

In Docket No. 361127, Benjamin contends that the trial court erred by confirming registration of the German custody order because he proved a defense to registration under MCL 722.1304(4)(c) and because the German court's order was not in substantial conformity with Michigan child-custody law. While we have found no published caselaw addressing the standard of review in these particular circumstances, this Court applied the abuse-of-discretion standard in a published decision involving a trial court's order *vacating* its registration of a child-custody determination under the UCCJEA. See *Nadimpali v Byrraju*, 326 Mich App 73, 91; 931 NW2d 38 (2018). Thus, we conclude that the abuse-of-discretion standard of review applies to a trial court's decision confirming registration of a child-custody order under the UCCJEA. "Generally, if a trial court's decision results in an outcome within a range of principled outcomes, the court has not abused its discretion, and an appellate court should defer to the trial court's judgment." *Id*. at 86. To the extent the trial court's order confirming registration also involved issues of statutory construction, we review those questions of law de novo. *Id*. at 85. That means we review the legal issue independently, owing no deference to the trial court. *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019). And we review the trial court's factual findings for clear error. *Shahid v Dep't of Health and Human Servs*, 333 Mich App 267, 272; 963 NW2d 638 (2020). Clear error exists only if we are left with a definite and firm conviction that the trial court made a mistake. *PF v JF*, 336 Mich App 118, 126; 969 NW2d 805 (2021).

## III. DISCUSSION

### A. NOTICE

We begin with Benjamin's argument about his defense to registration of the German custody order under the UCCJEA, and then we turn to his due-process claim.

The UCCJEA was designed, among several purposes, to "rectify conflicting proceedings and orders in child-custody disputes" occurring across state lines and to "provide a cost-effective and swift remedy in custody determinations." *Atchison v Atchison*, 256 Mich App 531, 536, 538;

664 NW2d 249 (2003). The UCCJEA sets forth a process for registration of "[a] child-custody determination issued by a court of another state" in Michigan. MCL 722.1304(1). Generally, "a child-custody determination made in a foreign country under factual circumstances in substantial conformity with the jurisdictional standards of this act must be recognized and enforced under article 3." MCL 722.1105(2). Article 3 of the UCCJEA sets forth the guidelines for enforcing a child-custody determination. See MCL 722.1301 to MCL 722.1316. A respondent may request a hearing to contest the validity of a registered child-custody determination. MCL 722.1304(4). Registration of the child-custody order must be confirmed by the trial court unless, among other things, the contesting party establishes that he "was entitled to notice in the proceedings before the court that issued the child-custody determination for which registration is sought, but notice of those proceedings was not given in accordance with the standards of [MCL 722.1108]." MCL 722.1304(4)(c). These standards provide: "Notice required for the exercise of jurisdiction when a person is outside this state may be given in a manner prescribed by the law of this state for service of process or *by the law of the state in which the service is made*." MCL 722.1108(1) (emphasis added). "Notice must be given in a manner reasonably calculated to give actual notice, but may be by publication if other means are not effective." *Id.* Further, "[n]otice is not required for the exercise of jurisdiction with respect to a person who submits to the jurisdiction of the court." MCL 722.1108(3).

Benjamin contested registration of the German custody order under MCL 722.1304(4)(c), arguing that he did not receive proper notice of the German proceedings. This purported lack of notice forms the basis for Benjamin's argument challenging registration of the German custody order. Benjamin cites Michigan's court rules on notice in domestic relations cases to argue that he was never served with proper notice of the German custody proceedings. As record support, Benjamin quotes the German custody order stating that Benjamin "could not be formally summoned to the court hearing on 10/26/2020." Thus, he argues that Cornelia has not provided proof that she served him in accordance with Michigan law "or in accordance with the service laws of Germany." For purposes of the UCCJEA, notice is sufficient if it is given in a manner prescribed "by the law of the state in which the service is made," MCL 722.1108(1), meaning that compliance with German service requirements would be enough. But Benjamin never explains what German law requires to complete service, nor does he discuss whether he was properly served under German law. Confirmation of a registered child-custody determination is mandatory "unless the person contesting registration" establishes one of the listed defenses. MCL 722.1304(4). That is, as the party contesting registration, Benjamin had the burden to establish that he was entitled to notice and did not receive proper notice under the service laws of Michigan or Germany. See MCL 722.1304(4)(c). On the record before us, we must conclude that Benjamin has not met this burden.

Although Benjamin's factual contentions are unclear, he appears to concede that he was notified of the German custody proceedings *before* they took place. Benjamin testified that he received notice by mail on a Saturday night of an upcoming hearing in Germany on Monday. He also testified that Cornelia informed him of the German hearing by e-mail one week before it took place. In his application for leave to appeal in Docket No. 361127, Benjamin asserted that he received "late notice," and thus was "unable to appear or participate in the German proceedings, as he could not travel due to COVID-19 restrictions and the German court did not offer a virtual option." But in his brief on appeal, Benjamin states that he "never" received notice—not that notice was late. Given the lack of evidence or explanation of how or when Benjamin was notified

-5-

of the German proceedings, his failure to address Germany's service requirements, and his inconsistent acknowledgment to having some notice of the German proceedings, we cannot conclude that the trial court abused its discretion by confirming registration of the German child-custody determination.

Similarly, in Docket No. 359832, Benjamin argues that the trial court erred by enforcing the German custody order because the German court failed to give him proper notice, thus depriving Benjamin of "a liberty interest without the due process of law."[5]  Benjamin relies on the Fourteenth Amendment of the United States Constitution, which provides that no state shall "deprive any person of life, liberty, or property, without due process of law . . . ." US Const, Am XIV.  Parents have a fundamental right "to make decisions concerning the care, custody, and control of their children." *In re Sanders*, 495 Mich 394, 409; 852 NW2d 524 (2014).  A core component of due process is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 314; 70 S Ct 652; 94 L Ed 865 (1950).

Undoubtedly, Benjamin has a liberty interest in his children's care and custody.  See *Sanders*, 495 Mich at 409.  Benjamin claims that the German court deprived him of this interest without providing him the notice he was entitled.  For the reasons already discussed, the factual basis for Benjamin's claim that he failed to receive notice is itself lacking.  But even assuming Benjamin met his burden to establish that he did not receive notice, he fails to explain how the Fourteenth Amendment applies to the alleged deprivation by the German court.  To the extent Benjamin argues that the trial court violated his due-process rights by *enforcing* the German court order entered following a deprivation of notice, Benjamin offers no legal support for this position.  Benjamin has not shown that the trial court plainly erred by enforcing the German custody order.  Thus, Benjamin is not entitled to relief on his due-process argument.

## B.  SUBSTANTIAL CONFORMITY WITH MICHIGAN LAW

Next, Benjamin contends that the trial court erred by confirming registration of the German custody order because the German order was not "in substantial conformity" with Michigan law.  In Benjamin's view, the German order was legally deficient under the UCCJEA because it failed to consider, or make reviewable findings about, the best interests of the children.

---

[5] Cornelia claims this appeal is moot because vacating the December 2021 enforcement order would not have any practical legal effect.  "Whether a case is moot is a threshold question that we address before reaching the substantive issues of a case." *Gleason v Kincaid*, 323 Mich App 308, 314; 917 NW2d 685 (2018).  "An issue is moot when a subsequent event makes it impossible for this Court to grant relief." *Id*.  We decline to dismiss this appeal as moot because vacating the December 2021 order would mean vacating the trial court's order enforcing the German custody judgment.  Benjamin could likely seek additional relief on remand from vacatur.

The UCCJEA provides:

> (2) Except as otherwise provided in subsection (3),[6] a child-custody determination made in a foreign country *under factual circumstances in substantial conformity with the jurisdictional standards of this act* must be recognized and enforced under article 3. [MCL 722.1105 (emphasis added).]

Benjamin argues that the German custody determination was not made "under factual circumstances in substantial conformity with the jurisdictional standards" of the UCCJEA. MCL 722.1105(2). But Benjamin's claim conflates jurisdictional considerations under the UCCJEA with substantive standards used to make custody determinations under Michigan law. The UCCJEA does not require foreign custody determinations to be made "in substantial conformity" with the substantive analysis used in the state where enforcement is sought. MCL 722.1105(2) merely requires that the foreign court exercise substantial conformity with "the jurisdictional standards of this act," i.e., the jurisdiction standards of the UCCJEA found in article 2. See MCL 722.1201 to MCL 722.1210. We previously held that the German court had jurisdiction under the UCCJEA. *Lorenz*, unpub op at 3-4. Therefore, the German court's custody determination was made "under factual circumstances in substantial conformity with the jurisdictional standards" of the UCCJEA. See MCL 722.1105(2).

Benjamin contends that the German court had to consider the children's best interests in its custody order because Michigan law requires a best-interests analysis. It is true that in child-custody cases under Michigan law, the trial court must consider several best-interests factors set forth in MCL 722.23. See *LaFleche v Ybarra*, 242 Mich App 692, 700; 619 NW21d 738 (2000). "Generally, the trial court must consider and explicitly state its findings and conclusions regarding each factor, and the failure to do so is usually reversible error." *Id*. But Benjamin fails to explain how the jurisdictional standards of the UCCJEA would require a foreign court to apply Michigan's best-interest factors before that foreign custody order could be enforced. In fact, the UCCJEA was designed, among several purposes, to "eliminate the term 'best interests' to the extent it invited a substantive analysis into jurisdictional considerations." *Atchison*, 256 Mich App at 536.[7] That is precisely what Benjamin tries to do here—import a substantive analysis under Michigan law into a jurisdictional issue under the UCCJEA. Simply put, the UCCJEA does not require a German court to apply the best-interest factors used in Michigan child-custody cases. The trial court, therefore, did not err by confirming registration of the German custody order.

---

[6] Subsection (3) states that a Michigan court need not apply the UCCJEA "if the child-custody law of a foreign country violates fundamental principles of human rights." MCL 722.1105(3). Benjamin does not allege that this exception applies here.

[7] The Uniform Child Custody Jurisdiction Act (UCCJA) preceded the UCCJEA and provided that a court had jurisdiction to decide child-custody matters if it was "in the best interest of the child that a court of this state assume jurisdiction . . . ." MCL 600.653(1)(b), repealed by 2001 PA 195. The UCCJEA contains no "best interest" language.

## IV. CONCLUSION

In Docket No. 359832, we affirm the trial court's December 2021 order enforcing the German custody order. Benjamin has not shown plain error by the trial court with respect to his due-process claim. In Docket No. 361127, we affirm the trial court's October 2021 order confirming registration of the German custody order. Benjamin did not meet his burden to prove a defense to registration under the UCCJEA, nor did he establish that the German custody order lacked substantial conformity with the UCCJEA's jurisdictional standards.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Kristina Robinson Garrett