*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DOBBIE BACON,

        Plaintiff/Counterdefendant-Appellant,

v

JIM WELLINGTON,

        Defendant/Counterplaintiff-Appellee,

and

PREMIUM REAL ESTATE SOLUTIONS,

        Counterplaintiff,

and

FRANK R. SIMON, Receiver,

        Other party.

UNPUBLISHED
November 20, 2024
9:02 AM

No. 366231
Macomb Circuit Court
LC No. 2022-003241-CH

Before: BORRELLO, P.J., and N. P. HOOD and YOUNG, JJ.

PER CURIAM.

In this case involving a contract dispute, plaintiff/counterdefendant, Dobbie Bacon, appeals as of right the trial court's order denying defendant/counterplaintiff John Wellington's motion for additional damages. On appeal, plaintiff challenges the trial court's previous order denying plaintiff's motion for summary disposition and granting defendant/counterplaintiffs' motion for summary disposition, finding a valid contract existed between the parties and plaintiff was in breach of that contract. We affirm.

-1-

## I. FACTUAL BACKGROUND

This case arose from plaintiff selling property to defendant. Plaintiff listed her property for sale and entered into discussions with defendant, who offered to buy the property. The parties developed and executed an electronic contract using the website "Dotloop," an online medium. Plaintiff signed the electronic contract on June 25, 2022, and defendant signed the contract on June 28, 2022. Defendant subsequently assigned his interest in the sale to his business, counterplaintiff, Premium Real Estate Solutions ("PRES"). When defendant reached out to plaintiff to schedule closing, plaintiff did not respond. Plaintiff then entered into a written agreement with a third party to sell the property.

Defendant and PRES claimed title to the property, and plaintiff filed suit against defendant and PRES for slander of title. Defendant and PRES filed a counterclaim against plaintiff for breach of contract and moved for summary disposition under MCR 2.116(C)(10) on the counterclaim and plaintiff's complaint. Plaintiff also moved for summary disposition and argued there was no contract because defendant did not deliver the final, signed contract to plaintiff. Defendant and PRES argued there was no legitimate dispute a valid contract existed, and plaintiff was in breach of that contract. Defendant and PRES also moved for sanctions against plaintiff for filing a frivolous complaint.

The trial court determined the parties entered into a valid contract and granted defendant and PRES's motion for summary disposition, and denied plaintiff's motion for summary disposition. The trial court disposed of plaintiff's complaint and the breach of contract claim in defendant and PRES's counterclaim, but kept open defendant and PRES's counterclaim for sanctions.[1] Plaintiff moved for reconsideration. The trial court denied plaintiff reconsideration because it found plaintiff raised the same issue she argued in her motion for summary disposition.

Defendant and PRES moved to compel specific performance of the contract, and the trial court granted the motion. The trial court also imposed $14,022.50 in attorneys' fees and $3.49 in costs against plaintiff as a sanction. Defendant and PRES then moved for the appointment of a receiver and additional attorney fees when plaintiff failed to show up to closing despite the trial court's order. The trial court granted defendant and PRES's motion, appointed a receiver to the case to execute the sale, and imposed an additional $700 in attorney fees against plaintiff.

Defendant and PRES also moved for money damages, but the trial court denied the motion when it determined the contract did not entitle them to money damages. The trial court closed the case. This appeal followed.

---

[1] Plaintiff filed an earlier appeal, Docket No. 364706, on January 27, 2023, which was dismissed because plaintiff admitted the counterclaim was not resolved in the trial court at the time the appeal was filed. *Bacon v Wellington*, unpublished order of the Court of Appeal, entered March 22, 2023 (Docket No. 364706).

## II. MOTIONS FOR SUMMARY DISPOSITION

Plaintiff argues the trial court erred when it determined delivery was not a requirement for contract formation and denied her motion for summary disposition and granted defendant and PRES's motion for summary disposition. We disagree.

### A. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *BC Tile & Marble Co v Multi Bldg Co, Inc*, 288 Mich App 576, 583; 794 NW2d 76 (2010). "In making this determination, the Court reviews the entire record to determine whether defendant was entitled to summary disposition." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). The trial court granted summary disposition under MCR 2.116(C)(10), which "tests the factual sufficiency of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (emphasis omitted). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden*, 461 Mich at 120. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *El-Khalil*, 504 Mich at 160.

"A genuine issue of material fact exists when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Auto-Owners Ins Co v Campbell-Durocher Group Painting & Gen Contracting, LLC*, 322 Mich App 218, 224; 911 NW2d 493 (2017) (quotation marks and citation omitted). "When reviewing a decision on a motion for summary disposition, this Court will not consider evidence that had not been submitted to the lower court at the time the motion was decided." *In re Rudell Estate*, 286 Mich App 391, 405; 780 NW2d 884 (2009). "The reviewing court should evaluate a motion for summary disposition under MCR 2.116(C)(10) by considering the substantively admissible evidence actually proffered in opposition to the motion." *Maiden*, 461 Mich at 121. This Court reviews "de novo questions regarding the interpretation of a contract." *Harper Woods Retirees Ass'n v City of Harper Woods*, 312 Mich App 500, 507; 879 NW2d 897 (2015).

### B. ANALYSIS

Plaintiff contends the trial court incorrectly concluded the delivery of a contract was not a requirement under Michigan law. "A valid contract requires: (1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Barclae v Zarb*, 300 Mich App 455, 471; 834 NW2d 100 (2013). " 'Before a contract can be completed, there must be an offer and acceptance. Unless an acceptance is unambiguous and in strict conformance with the offer, no contract is formed.' " *Clark v Al-Amin*, 309 Mich App 387, 394; 872 NW2d 730 (2015), quoting *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 452-453; 733 NW2d 766 (2006). "[A]n acceptance sufficient to create a contract arises where the individual to whom an offer is extended manifests an intent to be bound by the offer, and all legal consequences flowing from the offer, through voluntarily undertaking some unequivocal act sufficient for that purpose." *Id*. at 453-454, quoting *Blackburne & Brown Mortg Co v Ziomek*, 264 Mich App 615, 626-627; 692 NW2d 388 (2004). To prevail on a claim of a breach of contract, a party must demonstrate: (1) there was a contract, (2) the other party breached the contract, and (3)

the breach resulted in damages. *Bank of America, NA v First American Title Ins Co*, 499 Mich 74, 100; 878 NW2d 816 (2016).

Plaintiff argues because defendant failed to deliver the signed contract to her, the contract is not valid. This argument lacks merit. The elements of a valid contract are found in *Barclae*, and delivery is not a requirement. *Barclae*, 300 Mich App at 471. Plaintiff relies on *In re Estate of Koch*, 322 Mich App 383, 396 n 5; 912 NW2d 205 (2017) to establish a delivery requirement for contract formation. In *Koch*, this Court stated: "A contract is generally executed (i.e., brought into its final, legally enforceable form) by signing and delivering it. See Black's Law Dictionary (10th ed), p 393 (defining "executed contract"), p 689 (defining "execute")." *Koch*, 322 Mich App at 396 n 5. However, in *Koch*, this Court was considering the retroactivity of MCL 691.991, and the date when the disputed contracts in that case existed was at issue. Because the contracts at issue in *Koch* provided that they were effective on the date the last party signed and delivered, delivery would help indicate when the disputed contracts existed, but this Court's opinion in *Koch* does not indicate delivery as an additional requirement for contract formation. *Koch*, 322 Mich App at 396 n 5.

Plaintiff's additional sources are from other jurisdictions. However, plaintiff's additional sources are not persuasive and some contradict her argument.[2] For the cases that support plaintiff's claim,[3] plaintiff argues those cases are consistent with Michigan law. This is incorrect. We reiterate, delivery is not a requirement to form a valid contract under Michigan law. See *Barclae*, 300 Mich App at 471. Plaintiff's argument that delivery is a requirement to form a valid contract is without merit.

Plaintiff also argues the parties intended delivery as a condition of acceptance based on the language of the contract. "The words of a contract 'are interpreted according to their plain and ordinary meaning,' and this Court 'gives effect to every word, phrase, and clause' while avoiding

---

[2] The federal case of *Intercontinental Monetary Corp v Performance Guarantees, Inc*, 705 F Supp 144, 149 (SD NY, 1989) does not establish delivery as a blanket requirement but postulates delivery being important to contract formation in certain types of contracts. In *Aspen Acres Ass'n v Seven Assocs, Inc*, 29 Utah 2d 303, 310; 508 P2d 1179 (1973), the Utah Supreme Court explicitly held "there must be a delivery, *not in the traditional sense of a manual transfer*, but in the sense that it was the intent of the parties to have the document become legally operative at some definite point in time, however such intent might be indicated." (Emphasis added.) The Court of Appeals for the Eighth Circuit held in *Minnesota Supply Co v Raymond Corp*, 472 F3d 524, 531 (CA 8, 2006) delivery is usually an essential element, but only if there was no performance from a party because performance constitutes acceptance.

[3] In support of plaintiff's claim, the Illinois Court of Appeals in *Glabman v Bouhall*, 81 Ill App 3d 966, 969; 401 NE2d 990 (1980) held a contract that was not delivered, was not an enforceable contract. The federal district court for Arizona, in *American Family Mut Ins Co v Zavala*, 302 F Supp 2d 1108, 1117 (Dist of Ariz, 2003), also held "it is the delivery of an executed document, not the mere signing of the document, that creates a binding contract." In *Choctaw Properties, LLC v Aledo ISD*, 127 SW3d 235, 245 (Tex App, 2003), the Texas Court of Appeals held delivery is an element required to form a valid contract.

'interpretations that would render any part of the document surplusage or nugatory.' " *Bayberry Group, Inc v Crystal Beach Condo Ass'n*, 334 Mich App 385, 393; 964 NW2d 846 (2020), quoting *Tuscany Grove Ass'n v Peraino*, 311 Mich App 389, 393; 875 NW2d 234 (2015). "This Court will enforce unambiguous contracts as written." *Zwiker v Lake Superior State Univ*, 340 Mich App 448, 475; 986 NW2d 427 (2022). "A contract is ambiguous if it is capable of irreconcilably conflicting interpretations." *Patel v FisherBroyles, LLP*, 344 Mich App 264, 272; 1 NW3d 308 (2022).

Plaintiff cites paragraph 29 of the contract, which states in full (emphasis added): "Electronic Authority: The parties agree that the offer, any counter offer and/or acceptance of any offer or counteroffer *may be delivered electronically* and the signatures, initials and modifications shall be deemed to be valid and binding upon the parties as if original signatures." Plaintiff focuses on "delivered electronically" language, but plaintiff ignores the "may be" preceding it. "Under the plain-meaning rule, courts must give the ordinary and accepted meaning to the mandatory word 'shall' and the permissive word 'may' unless to do so would frustrate the legislative intent as evidenced by other statutory language or by reading the statute as a whole." *Atchison v Atchison*, 256 Mich App 531, 535; 664 NW2d 249 (2003). The section authorizes the use of the electronic medium to execute and sign the contract rather than create an express delivery requirement. Indeed, the section allows the parties to either print out the form, alter it, and sign it, or use the electronic medium to alter and sign the contract.

Even assuming plaintiff is correct and delivery is required to form the contract, defendant and PRES contend they did deliver the contract to plaintiff through Dotloop. In the final contract, it is clear plaintiff signed the contract on June 25, 2022, and defendant signed the contract on June 28, 2022. In addition, it appears defendant initially signed the contract on June 24, 2022, and plaintiff signed her portions the next day. Further, defendant and PRES provided the activity log for Dotloop, which the parties used to execute the contract. The activity log indicates plaintiff not only viewed the document on June 29, 2022, but it also indicates defendant signed the contract and sent it to plaintiff on June 24, 2022.

Plaintiff contends the activity log is unauthenticated and she provided an affidavit claiming she did not see the contract until mid-August. Plaintiff also claims, while the activity log shows her viewing the contract after it was signed, defendant and PRES have not provided evidence as to what plaintiff saw on that date. Plaintiff's arguments are not persuasive. "If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact." *Dextrom v Wexford County*, 287 Mich App 406, 429; 789 NW2d 211 (2010). Defendant and PRES provide text messages between the two parties where, on July 2, 2022, plaintiff inquired into the closing date of the sale. Given the contract was signed by plaintiff on June 25, 2022, and defendant on June 28, 2022, plaintiff's July 2, 2022 text message regarding the closing date demonstrates plaintiff was not only aware of the signed contract, but also sought the next steps in furtherance of the sale.

Plaintiff failed to provide additional evidence to support her claims outside her self-serving affidavit. Taken together, the contents of plaintiff's affidavit and the activity log defendant provided create disputed facts, but because the activity log so clearly and unequivocally shows plaintiff signed the contract on June 25, 2022 and viewed the contract again on June 29, 2022, this dispute is not genuine. Reasonable minds could not differ on the contents of the activity log. *Auto-*

*Owners Ins Co*, 322 Mich App at 224. As such, there is no genuine dispute of material fact there was a valid contract between plaintiff and defendant, with defendant and PRES able to demonstrate plaintiff was aware of the contract and of the sale beyond the date she signed the contract. Defendant and PRES did not slander plaintiff's title because they were taking steps to affirm the sale with a valid contract. Additionally, because a valid contract existed, plaintiff did breach the contract by not closing the sale, resulting in damages. *Bank of America, NA*, 499 Mich at 100. Consequently, the trial court did not err when it denied plaintiff's motion for summary disposition and granted defendant and PRES summary disposition. *El-Khalil*, 504 Mich at 160.

### III. SANCTIONS UNDER MCR 7.216(C)

Defendant and PRES, on appeal, are seeking actual and punitive damages for plaintiff's allegedly vexatious appeal under MCR 7.216(C). MCR 7.216(C) provides, in relevant part:

(C) Vexatious Proceedings; Vexatious Litigator.

(1) The Court of Appeals may, on its own initiative or on the motion of any party filed under MCR 7.211(C)(8), assess actual and punitive damages or take other disciplinary action when it determines that an appeal or any of the proceedings in an appeal was vexatious because

(a) the appeal was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal; or

(b) a pleading, motion, argument, brief, document, record filed in the case or any testimony presented in the case was grossly lacking in the requirements of propriety, violated court rules, or grossly disregarded the requirements of a fair presentation of the issues to the court. [MCR 7.216(C).]

Defendant and PRES claim plaintiff's appeal is vexatious and frivolous because plaintiff lacked the authority for her arguments regarding delivery. However, "[a] party's request for damages or other disciplinary action under MCR 7.216(C) must be contained in a motion filed under this rule. A request that is contained in any other pleading, *including a brief filed under MCR 7.212*, will not constitute a motion under this rule." MCR 7.211(C)(8) (emphasis added). Defendant and PRES did not move for damages or sanctions and only requested sanctions in their brief on appeal. As such, we deny defendants' request for sanctions.

### IV. CONCLUSION

We affirm the trial court's denial of plaintiff's motion for summary disposition and its grant of defendant and PRES's motion for summary disposition. Defendant and PRES's request for sanctions is denied.

/s/ Stephen L. Borrello
/s/ Noah P. Hood
/s/ Adrienne N. Young